UNITED STATES, Appellee,

v.

William O. GLOVER, Private First Class,
U.S. Army, Appellant.

No. 43146.
CM 440953.

U. S. Court of Military Appeals.

June 20, 1983.

For Appellant: *Captain Michael D. Graham* (argued), *Colonel William G. Eckhardt, Major Raymond C. Ruppert, Captain Thomas R. Peppler, Captain Jon S. Pascale* (on brief); *Colonel Edward S. Adamkewicz, Jr., Major Joyce E. Plaut, Major Paul J. Luedtke.*

For Appellee: *Captain Eugene R. Milhizer* (argued), *Colonel R.R. Boller, Major Thomas M. Curtis, Captain Kenneth H. Clevenger* (on brief); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Rexford T. Bragaw, III.*

*Opinion of the Court*

COOK, Judge:

At a bench trial, appellant was convicted, in accordance with his pleas, of a single specification of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. The military judge sentenced appellant to a dishonorable discharge, confinement at hard labor for 18 months, total forfeitures, and reduction to pay grade E–1. The convening authority approved the sentence, and the Court of

Military Review affirmed. We granted review of the following issue:

WHETHER THE SENTENCE ADJUDGED EXCEEDS THE MAXIMUM PUNISHMENT ALLOWED FOR THE SPECIAL COURT–MARTIAL THAT WAS CONVENED IN THIS CASE.

I

The robbery occurred on December 1, 1980. Appellant and another servicemember lured a German national into a public restroom, ostensibly to sell him hashish. Once inside, appellant produced a knife. While the other soldier held the victim's arms from behind, appellant held the knife to the victim's chest and relieved him of his cash. Charges were preferred against appellant on the following day, and an officer was appointed to conduct an investigation pursuant to Article 32, UCMJ, 10 U.S.C. § 832. In his report, the Investigating Officer recommended trial by general court-martial. The staff judge advocate, in his pretrial advice, also recommended trial by general court-martial and noted that all subordinate commanders had so recommended.

Affixed to the pretrial advice is a memorandum signed by the convening authority, Major General Benedict, dated February 11, 1981. In the memorandum, General Benedict approved the recommendation of the staff judge advocate and directed trial by general court-martial. The convening authority's endorsement of the charge sheet (signed by an acting assistant adjutant general "By COMMAND of Major General BENEDICT") states:

Referred for trial to the GENERAL court-martial appointed by Court-Martial Convening Order Number 47 dated 23 July 1980, subject to the following instructions: A court reporter will be detailed.

Subsequently, Court-Martial Convening Order Number 14 was published amending the original court-martial order by substituting a military judge who was certified to try general courts-martial. That order specifically referred to the *"general* court-mar-

tial convened by Court-Martial Convening Order Number 47." (Emphasis added.)

Up to and including the time of trial, all parties behaved as though the case were a general court-martial. Appellant tendered to the convening authority a pretrial agreement which contained the following recital:

I, Private First Class William O. Glover, am pending trial by general court-martial empowered to impose a dishonorable discharge on the charge and specification . . . [alleging robbery].

As a condition to pleading guilty, appellant proposed a punishment ceiling which substantially exceeded the jurisdictional limits of a special court-martial. The convening authority accepted appellant's proposed sentence limitation and the pretrial agreement. At trial, appellant acknowledged awareness of the maximum punishment to which he could be sentenced, a quantum which greatly exceeded the jurisdictional limits of a special court-martial. The sentence actually imposed by the military judge, while considerably less than the ceiling proposed by appellant, was itself significantly greater than that which could have been adjudged by a special court-martial. Through all of this, neither appellant nor his counsel, nor, for that matter, the Government representatives, voiced any objection regarding the nature and extent of punishment.

In his formal review which followed appellant's trial, the staff judge advocate identified for the first time a problem with Court-Martial Convening Order Number 47, the order to which the convening authority had originally referred the charges for trial. That convening order (signed again by an acting assistant adjutant general "BY COMMAND OF MAJOR GENERAL BENEDICT") begins with the words: "A special court-martial is hereby convened." The order goes on to detail the military judge, court members, and counsel for both sides. The staff judge advocate explained in the review that the word "special" was erroneous and should have read "general." Nevertheless, he opined that the error was insignificant, since the convening authority had directed that appellant be tried by gen-

eral court-martial, and since the same members who sat on special courts-martial empowered to adjudge bad-conduct discharges also sat on general courts-martial. Accordingly, the staff judge advocate advised that a general court-martial was properly constituted in the case.

Trial defense counsel, in his rebuttal to the post-trial review, took exception and argued that the maximum punishment the convening authority could approve was that of a special court-martial empowered to adjudge a bad-conduct discharge. The convening authority agreed with his staff judge advocate and promulgated an order which recited that appellant was tried

> [b]efore a *general* court-martial which convened at Berlin, Germany, pursuant to Court-Martial Convening Order Number 47, this headquarters, dated 23 July 1980, as amended by Court-Martial Convening Order Number 14, this headquarters, dated 13 February 1981.

(Emphasis added.) The Court of Military Review found that the convening authority had directed trial by general court-martial; that he had properly detailed personnel of a general court-martial; and that in any event appellant was not prejudiced because he knew he was being tried by a general court-martial. Accordingly, that court concluded that the case was "properly referred to and tried by a general court-martial." *United States v. Glover*, CM 440953 (February 22, 1982) (unpublished). The granted issue questions the propriety of these conclusions.

## II

The problem, obviously, lies with Court-Martial Convening Order Number 47. It appears that the convening authority had selected two court-martial panels during that time period, each of which might sit either as a general or special court-martial, as required. It is not so clear that the word "special" was erroneously substituted for the word "general" on the convening order, as the staff judge advocate suggested. For example, counsel for appellant have submitted several court-martial promulgating orders which indicate that Convening Order Number 47 was used in other cases for special courts-martial. In addition, we are told that Convening Order Number 47 was never used to convene a general court-martial, other than in appellant's case. Counsel for the Government do not deny these assertions. And though we are unaware of any specific prohibition, we do not recall encountering a situation in which the same numbered convening order was used to convene *both* special and general courts-martial.[1] Thus it may be that it was Convening Order Number 47 itself which was misselected. In other words, there may have been (or should have been)[2] a general court-martial counterpart to Convening Order Number 47 to which the convening authority meant to refer the case.

■ Whatever the case, there is no question but that the convening authority here intended to refer the case to a general court-martial and that, at the time of the referral, he thought he was so doing. The ultimate question then is whether a special court-martial was convened despite the clear instruction of the convening authority. We hold that it was not. *See United States v. Hooks*, 2 M.J. 502 (A.C.M.R.1976); *United States v. Barber*, 5 C.M.R. 726 (A.F.B.R. 1952).

A convening order which brings a court-martial into being is but an expression of the intent of the convening authority. The particular document which is prepared is merely a formal recordation of that expressed intent. If the document does not accurately reflect the convening authority's intent, it is the fault of the document's author, not the convening authority. Errors in orders do occur, and there are procedures for correcting them. That should have been done here. However that may

---

1. As often appears, Convening Order Number 47 was published months before these charges were referred to it.

2. Appellate counsel inform us that this particular jurisdiction tried relatively few general courts-martial.

be, the intent of the convening authority was known, and all the parties to the trial, including appellant, had a clear and correct understanding of that intent and acted accordingly. Consequently, the administrative error involved here did not rise to the level of prejudice to the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Had the accused been misled by the error and acted to his detriment, a different result would necessarily follow.

■ But we need not rest our decision on substance over form alone. For if a commander has the authority to convene a court-martial, he has the ability to modify it. Therefore, even though Convening Order Number 47 may have begun life as a special court-martial, it *became* a general court-martial when General Benedict *said* it was a general court-martial in the referral. So long as this fiat accorded with his intent, this act was sufficient to alter the nature of the court-martial.

■ In like manner, Convening Order Number 14, which amended Convening Order Number 47 and specifically identified the court-martial as a "general court-martial," effectively modified the original order appointing the court-martial. Thus both in substance and form, there is a basis for supporting the result reached by the trial court.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

This is a case where all parties believed trial was by general court-martial, but in fact a special court-martial had been convened. They, thus, ended up at an appellate court, questioning jurisdictional limits. The necessary labyrinth followed in bringing any legal matter properly to trial is procedural detail. Such is an aspect of American jurisprudence, which by its very nature strives to achieve perfect justice, even though that goal is unattainable. We are adding a self-destruct mode to a justice system when we allow a procedural rule to be circumvented by inexactitude.

The Manual for Courts-Martial provides the language leading to the conflict: Paragraph 36*b* provides, "A court-martial is created by a convening order issued by the convening authority." In this case a special court-martial came into being as a result of Court-Martial Convening Order Number 47, dated July 23, 1980. Paragraph 33*j*(1) states, "Charges are ordinarily referred to a court-martial for trial by means of the indorsement on the charge sheet." In this matter the indorsement on the charge sheet "[r]eferred [the matter] for trial to the GENERAL court-martial appointed by Court-Martial Convening Order Number 47 dated, 23 July 1980." Next in the imbroglio comes Convening Order Number 14, which details a new judge to "the general court-martial convened by Court-Martial Convening Order Number 47, this headquarters, dated 23 July 1980."

If we presume that a special court-martial is white and a general court-martial is black, Convening Order Number 14, without *specific language amending* Convening Order Number 47, made the latter order gray as to the original intent of the convening authority when he promulgated Convening Order Number 47. Into this griseous area step my Brothers purporting to resolve this particular matter. They note that, after all, everyone, including the defendant, thought trial was by a general court-martial; appellant even made a pretrial agreement wherein the punishment exceeded that which could have been awarded for a special court-martial. These considerations are inapplicable under the facts before us. Here the original order created a special court-martial, and Convening Order Number 14 did not specifically amend the court-martial previously created. The procedural purpose of a written convening order is to avoid the very problem apparent in this case.* Nevertheless, *stare decisis* starts with the first case. The ma-

---

* As this Court has frequently pointed out, simple attention to orderly administrative duties would eliminate the very confusion this case

jority's resolution of this case condones sloppy procedural practice which may in the future be detrimental to the command.

In the instant case, in overturning the findings, I would reverse, as a matter of law, the assumption by the Court of Military Review (in spite of the explicit convening order) that a General Court-Martial was convened. Furthermore, I would reverse the sentence decision and reduce the sentence to 6 months' confinement at hard labor and a bad-conduct discharge, 6 months' partial forfeitures, and reduction to E–1, all within the maximum limits of the jurisdictional limits of the special court-martial that heard this case.

presents. *See, e.g., United States v. Ware,* 5 M.J. 24 (C.M.A.1978).