UNITED STATES, Appellee,

v.

Staff Sergeant Donald C. TAYLOR, 550–86–5581, United States Army, Appellant.

ACMR 8701547.

U.S. Army Court of Military Review.

28 June 1988.

For Appellant: Captain Donald G. Curry, Jr., J.A.G.C., Captain Harry C. Wallace, Jr., J.A.G.C. (on brief).

For Appellee: Colonel Norman G. Cooper, J.A.G.C., Lieutenant Colonel Gary F. Roberson, J.A.G.C., Captain Carlton L. Jackson, J.A.G.C. (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

Pursuant to his pleas, the appellant was convicted of conspiracy to transfer duty-free goods and violation of a lawful general regulation (two specifications) in violation of Articles 81 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 892 (1982) [hereinafter UCMJ]. His sentence, as approved, included a dishonorable discharge, confinement for one year and forfeiture of all pay and allowances (forfeitures in excess of $200.00 pay per month were suspended for a period of nineteen months with provision for automatic remission), and reduction to the grade of Private E–1.

On appeal, appellant alleges, among other matters, that the court-martial that convicted him lacked jurisdiction over Specification 1 of Additional Charge I because the language of the specification deviated from that which the convening authority intended to refer to trial. We disagree and affirm appellant's conviction.

■ We find from the record and allied papers that the staff judge advocate recommended, prior to trial, that the convening authority make numerous changes to the specifications, including a change to Specification 1 of Additional Charge I. As originally drafted, this specification charged the appellant with violating a lawful general regulation, paragraph 18(a)(1), United States Forces Korea Regulation 27–5 (20 May 1986), by wrongfully selling duty-free and tax-free goods to a person not authorized duty-free or tax-free privileges under the applicable Status of Forces Agreement, a treaty between the United States and the Republic of Korea. The convening authority directed that the language of this specification be amended by substituting the word "transferring" for the word "selling". This particular amendment was not made and the appellant was arraigned and convicted of selling in violation of the stated regulation.

Article 30(b), UCMJ, 10 U.S.C. § 830(b), provides in part that "upon the preferring of charges, the proper authority shall take immediate steps to determine what disposition should be made thereof in the interests of justice and discipline." As we noted in *United States v. Hooks*, the formulation of the precise procedural steps for referral were logically left to the services. *United States v. Hooks*, 2 M.J. 502, 505 (A.C.M.R. 1976) (citing *United States v. Emerson*, 1 C.M.R. 43 (C.M.A.1951)). The Rules for Courts-martial provide that the convening authority "may include proper instruction in the order" referring the charges to court-martial. Manual for Courts–Martial, United States, 1984, Rule for Courts-martial 601(e) [hereinafter R.C.M.].

■ Here, the convening authority personally referred the charge to a general court-martial created by his order. Thus,

the question is presented as whether the failure to make a minor amendment of the charge was a jurisdictional error. See R.C.M. 603. We answer that question in the negative. As we have noted, the convening authority approved the recommendation of the staff judge advocate to substitute the word "transferring" for the word "selling". Paragraph 18(a)(1) of the cited regulation prohibits both the sale and the transfer of duty-free and tax-free goods. A sale is defined as a "contract between two parties called, respectively, the seller (or vendor) and the buyer (or purchaser) by which the former, in consideration of the payment of a certain price in money, transfers to the latter the title and possession of property." *Black's Law Dictionary* 1200 (5th ed.1979). The word "transfer" is defined: "to convey or remove from one place, person, etc., to another; pass or hand over from one to another; specifically to change over the possession or control of ... to sell or give." *Id.* at 1342. It may be readily seen that the word "selling" clearly also includes a "transfer." We also note that the failure to make the amendment did not change the basic character of the charge, nor did it in any sense change the maximum punishment. Consequently, we view the error here as merely a ministerial failure by the trial counsel to whom the charges were forwarded for action. *Cf. United States v. Hooks*, 2 M.J. at 506. Although the trial counsel's failure to amend the charge sheet as directed by the convening authority was error, we are of the opinion that the appellant suffered no prejudice as a consequence of this error. See Article 59(a), UCMJ, 10 U.S.C § 859(a). We will, however, correct the findings of guilty to reflect the convening authority's directive. Furthermore, we note that the appellant was arraigned on the specification without objection. His failure to object waives this ministerial error. *See United States v. Fields*, 17 M.J. 1070 (A.F.C.M.R.), *pet. denied*, 19 M.J. 56 (C.M.A.1984).

We have considered the remaining allegations of error raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and insofar as they

are not incorporated in the foregoing discussion, they are deemed to be without merit.

The court affirms only so much of the finding of guilty of Specification 1 of Additional Charge I as finds that the appellant did, at the date, time, and place alleged in the specification, violate a lawful general regulation to wit paragraph 18(a)(1), U.S.F.K. Regulation 27–5 dated 20 May 1986, a regulation which it was his duty to obey, by wrongfully transferring duty-free goods and tax-free goods of Korean origin, to wit: three cassette decks; one television rack; one bowling ball; four speakers; six music systems; four televisions; one preamplifier/tuner; three video cassette recorders; and five disk players to a person not authorized duty-free import privileges or tax-free purchase privileges under the US–ROK SOFA or other ROK–US Agreements.

The remaining findings of guilty are affirmed. On consideration of the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances (forfeitures in excess of $200.00 pay per month are suspended for nineteen months with provision for automatic remission) and reduction to the grade of Private E–1.

Judge KANE and Judge SMITH concur.