UNITED STATES, Appellee

v.

Antonyo T. ADAMS, Airman
U.S. Air Force, Appellant

No. 07-0796

Crim. App. No. 36226

United States Court of Appeals for the Armed Forces

Argued February 5, 2008

Decided May 13, 2008

EFFRON, C.J., delivered the opinion of the Court, in which BAKER
and STUCKY, JJ., joined. ERDMANN, J., filed a dissenting
opinion, in which RYAN, J., joined.


Counsel


For Appellant: Captain Anthony D. Ortiz (argued); Lieutenant
Colonel Mark R. Strickland (on brief).


For Appellee: Captain Coretta E. Gray (argued); Colonel Gerald
R. Bruce and Major Matthew S. Ward (on brief).


Military Judge: David F. Brash and James L. Flanary


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Adams, No. 07-0796/AF

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of being absent without leave and three specifications of dishonorably failing to maintain sufficient funds for payment of checks, in violation of Articles 86 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for 179 days, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed. United States v. Adams, No. ACM 36226, 2007 CCA LEXIS 263, 2007 WL 2050718 (A.F. Ct. Crim. App. June 20, 2007) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE COURT-MARTIAL CONVENED BY SPECIAL
> ORDER AB-12 HAD PROPER JURISDICTION WHEN THAT
> ORDER DID NOT TRANSFER MEMBERS APPOINTED BY PRIOR
> ORDERS AB-01, AB-07, AND AB-09, BUT MEMBERS NAMED
> IN THOSE ORDERS NONETHELESS SAT AS MEMBERS OF
> APPELLANT'S COURT-MARTIAL.

For the reasons set forth below, we affirm the decision of the United States Air Force Court of Criminal Appeals.

I. COMPOSITION OF THE COURT-MARTIAL PANEL

1. Initial proceedings

At the outset of his trial, Appellant requested trial before a court-martial composed of officer and enlisted members. See Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1) (2000); Rule for Courts-Martial (R.C.M.) 903(c)(1). Following the disposition of preliminary motions, the trial counsel provided the standard announcement of the composition of the court-martial, noting that the court-martial was convened by Special Order AB-01, as amended by Special Order AB-07 and Special Order AB-09. After accounting for members excused by the convening authority prior to assembly, the trial counsel identified the remaining nine members. The trial counsel administered the oath and the military judge announced that the court-martial was assembled. See R.C.M. 807.

2. The panel after voir dire and challenges

Following completion of voir dire and challenges, the following four members remained on the panel: Major (MAJ) RDH, Senior Master Sergeant (SMSgt) BJC, Master Sergeant (MSgt) MAB, and Tech Sergeant (TSgt) RDG. At that point, the panel composition fell below the minimum of five members required for a general court-martial quorum. See Article 16(1)(A), UCMJ, 10 U.S.C. § 816(1)(A) (2000); R.C.M. 805(b). The military judge

called a recess so that new members could be detailed to the court-martial. See R.C.M. 505(c)(2)(B).

   3.   Proceedings after appointment of new members

      The following morning, the military judge reconvened the court-martial for a session out of the presence of the members under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000). He began by providing a detailed description of the procedural setting. First, the military judge summarized the reasons for the changes in the composition of the panel:

> Counsel, I just wanted to put on the record just for continuity purposes, so that any reviewing authorities, should that become necessary, would know what's going on.
>
> After we busted quorum yesterday, we did, in fact, put the court in recess. We now have a new appointing order appointing additional members to the panel.

      Next, the military judge described the procedure for addressing the voir dire, challenges, and the reading of charges, both with respect to the new members and the members previously selected:

> What we'll do is go ahead and bring in those new members. The members that have already previously been selected, those four members will not be present; it will just be the five new members that have been appointed. We'll go through the process of reading the general nature of the charges and going through the voir dire process. As I stated to counsel earlier, each side will still, in fact, have a peremptory challenge since this is a new group of members that did not go through the original bedding [sic] process there for the original voir dire.

4

Finally, the military judge provided the parties with an opportunity to object to the appointing order or the procedure that he had outlined:

>  MJ:  With that in mind, does anyone have an objection to the appointing order or the way that we are going to handle that?
>
>  CDC:  No, Your Honor.
>
>  CTC:  No, Your Honor.

The military judge then conducted the preliminary proceedings with the new members, as he had outlined to the parties.  When the new members were brought into the courtroom, the military judge summarized the situation for the new members:

>  The parties are present and some of the members are present.
>
>  Members, just to give you an idea of what's going on, we began this process yesterday, at which time, we did what was called a busted quorum, which means we got some panel members seated, we went under the below core number which is five; therefore, we had to have an appointment of new members which is you.  We're now going through the process to get you seated through the voir dire process.

The military judge next described what would transpire after voir dire:

>  And once that's accomplished, we'll then call the other four members who have already been seated, and we'll combine you into one court, and then we'll bring you in and begin presentation of the evidence in this case.

At the request of the military judge, the trial counsel provided the following description of the orders convening the court-martial:

> This court-martial is convened by Special Order number AB-01 . . . as amended by Special Order number AB-07, . . . Special Order number AB-09, . . . and Special Order number AB-12 . . . .

Trial counsel then identified the following five members as present in the courtroom:  Lieutenant Colonel (LTC) RDA, LTC CK, MAJ JWD, 1st Lieutenant (1LT) JLV, 1LT JAD.  In accordance with the procedure outlined by the military judge, the trial counsel noted that the four members remaining from the initial proceedings were "absent." Referring to his earlier remarks, the military judge observed that "the court has already been assembled and, therefore, this is partially reassembly of it at this time to go through the voir dire process and to give you some new instructions."  The military judge provided the new members with the standard preliminary instructions, and proceeded with voir dire of the new members.  At the completion of voir dire and challenges, the military judge excused LTC RDA and 1LT JLV.

4.  <u>The panel after the second voir dire and challenges</u>

When the full panel assembled together for the first time, the military judge announced, "For the record, we now

have both attempts at panels combined and we now have the seven members that have been accepted by the court." Four of the seven members came from the original set of orders: MAJ RDH, SMSgt BJC, MSgt MAB, and TSgt RDG. The three remaining members were added during the proceedings after the recess: LTC CK, MAJ JWD, and 1LT JAD.

With seven members, including four enlisted members, the panel met the requirements of Article 16, UCMJ, for a general court-martial to consist of at least five members. The panel also met the requirements of Article 25, UCMJ, for the panel to consist of at least one-third enlisted members upon request of the accused. Subsequently, the trial proceeded to conclusion in the manner outlined by the military judge, with no objection by either party.

5. Consideration by the Court of Criminal Appeals

Appellant raised an issue regarding speedy trial before the Court of Criminal Appeals, but did not challenge the composition of the court-martial. The court specified two issues, including the question now before us concerning the composition of the panel. Adams, 2007 CCA LEXIS 263, at *2, 2007 WL 2050718, at *1.

The Court of Criminal Appeals observed that Special Order AB-12 "seems to be a stand-alone order, convening an entirely new court-martial while failing to transfer the

7

members named in the previous set of orders. . . ." Id. at *22, 2007 WL 2050718, at *9. The court also raised the issue of whether Appellant's court-martial had proper jurisdiction when the members appointed by the prior orders sat on Appellant's court-martial. Id. at *2, 2007 WL 2050718, at *1. The court noted that these members would be "interlopers" if they were not meant to be seated as members of the panel, creating a fatal jurisdictional defect. Id. at *23 n.5, 2007 WL 2050718, at *9 n.5. Likewise, failing to transfer the members named in the previous set of orders to Special Order AB-12 would have denied Appellant his right to be tried by a panel composed of at least one-third enlisted members. Id. at *23, 2007 WL 2050718, at *9.

The Court of Criminal Appeals first considered the language of Special Order AB-12, which stated: "[a] general court-martial is hereby convened. It may proceed at Ellsworth AFB, SD to try such persons as may be properly brought before it. The court will be constituted as follows . . . ." Id. at *9, 2007 WL 2070718, at *4. Special Order AB-12 then listed the names of five newly detailed members. The order also stated:

> All cases referred to the general court-martial
> convened by Special Order AB-1, this headquarters,
> dated 8 October 2004, as amended by Special Order AB-
> 7, this headquarters, dated 24 November 2004, and
> Special Order AB-9, this headquarters, dated 8

> December 2004, in which the court has been assembled,
> will be brought to trial before the court hereby
> convened.

The Court of Criminal Appeals next considered the record of trial and the intent of the convening authority, as reflected by the parties' actions at trial. Id. at *23-*26, 2007 WL 2050718, at *9. The court concluded that Special Order AB-12 was not issued to constitute an entirely new and distinct court-martial. Id. at *24, 2007 WL 2050718, at *9. Instead, the court determined that Special Order AB-12 was a third amending order, intended to bring the court-martial up to quorum, while preserving Appellant's right to trial by a panel of at least one-third enlisted members. Id. at *24, 2007 WL 2050718, at *9. The court observed that the convening authority issued Special Order AB-12 after quorum was broken. The lower court found that, "there is no doubt that everyone, including the defense, knew the five members named in Special Order AB-12 were additional members selected to bring the court back up to quorum and were not meant to constitute an entirely new and distinct court." Id. at *24, 2007 WL 2050718, at *9. Finally, the court noted, "[c]learly, there would be no reason for the convening authority to suddenly start over with a new court after so much effort had already gone into reaching the point of adding a third set of members to this panel." Id. at *25, 2007 WL 2050718, at *9.

9

United States v. Adams, No. 07-0796/AF

The Court of Criminal Appeals concluded that the errors in the drafting of Special Order AB-12 were not prejudicial to Appellant. Id. at *26-*27, 2007 WL 2050718, at *10. The court affirmed the findings and sentence. Id. at *27, 2007 WL 2050718, at *11.

II. DISCUSSION

This Court's case law distinguishes between jurisdictional and administrative errors in the convening of a court-martial. Jurisdictional error occurs when a court-martial is not constituted in accordance with the UCMJ. See United States v. Colon, 6 M.J. 73, 74 (C.M.A. 1978). Jurisdiction depends upon a properly convened court, composed of qualified members chosen by a proper convening authority, and with charges properly referred. Article 25, UCMJ; R.C.M. 201(b); R.C.M. 503; R.C.M. 504; R.C.M. 505. A court-martial composed of members who are barred from participating by operation of law, or who were never detailed by the convening authority, is improperly constituted and the findings must be set aside as invalid. See McClaughry v. Deming, 186 U.S. 49, 63-65 (1902) (court-martial composed entirely of Regular Army officers in trial of a volunteer officer violated the Articles of War and was illegal); United States v. Harnish, 12 C.M.A. 443, 31 C.M.R. 29 (1961)

10

(individual who served on a court-martial without appointment by the convening authority rendered the proceedings invalid).

Administrative errors in the drafting of a convening order are not necessarily fatal to jurisdiction, and may be tested for prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000). See Colon, 6 M.J. at 74-75 (court-martial conducted without the presence of four detailed members who had not been properly relieved was not jurisdictional error, but was prejudicial). In United States v. Glover, 15 M.J. 419, 422 (C.M.A. 1983), this Court found no prejudice to the accused where all parties believed the accused was at trial before a general court-martial, but the convening order convened a special court-martial. We have recognized that clerical mistakes are not necessarily prejudicial. See id. at 421; United States v. Gebhart, 34 M.J. 189, 192-93 (C.M.A. 1992).

In the present case, we find no jurisdictional defect in the composition of Appellant's court-martial. None of the seven members who participated in the court-martial was an "interloper." Each member was selected by the convening authority to consider these charges against this accused. There is no evidence that the convening authority excused any of the members who sat on Appellant's court-martial. See R.C.M. 505(c)(2)(A). There is also no evidence that the convening authority withdrew the charges in order to refer them to a new

11

court-martial, as provided for in R.C.M. 604. More important, the record reflects that the five members named in Special Order AB-12 were selected to bring the court-martial up to quorum and were not selected to serve as a separately constituted court-martial. This purpose is underscored by the language of Special Order AB-12, which provided that "[a]ll cases referred to the general court-martial convened by Special Order AB-1 . . . as amended by Special Order AB-7 . . . and Special Order AB-9 . . . in which the court has been assembled, will be brought to trial before the court hereby convened." In that regard, we note that the convening authority appointed only officer members in Special Order AB-12 following proceedings in which the accused had elected trial before a panel that included enlisted members. Under these circumstances, the order served to bring the panel up to quorum. In short, the record of trial demonstrates that the errors in drafting Special Order AB-12 were administrative in nature, and that the errors did not materially prejudice the substantial right of the Appellant. See Article 59(a), UCMJ.

## III.  DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Adams, No. 07-0796/AF

ERDMANN, Judge, with whom RYAN, Judge joins (dissenting):

The power to convene courts-martial and to detail members to those courts-martial rests solely in those commanders that Congress, the President, or the Secretary concerned empowered to take those actions. See Articles 22, 23, 24, 25, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 822, 823, 824, 825 (2000). A convening authority's actions create the structural basis of a courts-martial and when the plain language of the convening authority's order is clear, complete, and unambiguous, that order must be given effect. See United States v. Wilson, 65 M.J. 140, 141 (C.A.A.F. 2007). Because the language of Special Order (SO) AB-12 clearly and unambiguously convened a new court-martial to which none of the previously detailed court members were re-detailed, and because the composition of that newly created court-martial fell below a quorum and lacked enlisted membership as requested by Adams, the court-martial suffered a structural error which requires reversal.

There is no dispute as to the sequence and contents of convening orders in this case. The initial convening order, SO AB-01, convened a general court-martial and detailed ten officers to the panel. That order was properly amended by SO AB-7 which removed five officers and detailed five enlisted members. Then, SO AB-9 properly amended SO AB-01 relieving three members and naming three additional members. After voir

dire only four members remained and the court-martial fell below quorum. The military judge recessed the court-martial and directed trial counsel to "get us a couple of names or three names there for potential new members, keeping in mind the numbers of officers and enlisted for the quorum[]." In response the convening authority issued SO AB-12 which, rather than amending SO AB-01, created a new court-martial. The issue before the court is whether Adams was tried before a properly convened court.

"A court-martial is created by a convening order of the convening authority." Rule for Courts-Martial (R.C.M.) 504(a). The convening authority may change the members by order. R.C.M. 505(a). Before assembly of the court, the members may be changed without showing cause. R.C.M. 505(c)(1)(A). New members may be added after assembly "only when, as a result of excusals . . . the number of members of the court-martial is reduced below a quorum, or the number of enlisted members, when the accused has made a timely written request for enlisted members, is reduced below one-third of the total membership." R.C.M. 505(c)(2)(B).

Adams' court-martial had been sworn and assembled. Consequently, when the membership of Adams' original court-martial fell below a quorum as a result of challenges, new members could have been added to the court-martial convened by

SO AB-01 just as the convening authority had done in SO AB-7 and SO AB-9.

That is not, however, what SO AB-12 does. Rather than detailing new members to a previously convened court-martial, SO AB-12 very plainly "convened" a general court-martial. SO AB-12 has all the required attributes of an order creating a court-martial: it designates the type of court-martial and details members. The order detailed five members to the general court-martial, the precise number necessary to constitute a general court-martial. See Article 16(1)(A), UCMJ, § 10 U.S.C. 816(1)(A) (2000). This convening order stands in stark contrast to an order that merely adds members to a previously convened court-martial. Notably, this record reflects two prior, proper amending orders detailing new members to the court convened by SO AB-01. These amending orders reflect that the convening authority knew how to add members and support the plain reading of SO AB-12 that something entirely different was intended by that order.

There is other language in SO AB-12 that plainly indicates the creation of a new court-martial. The order states:

> All cases referred to the general court-martial convened by Special Order AB-1, this headquarters, dated 8 October 2004, as amended by Special Order AB-7, this headquarters, dated 24 November 2004, and Special Order AB-9, this headquarters, dated 8 December 2004, in which the court has been assembled,

> will be brought to trial before the court hereby
> convened.

Facially this language withdraws the charges from the court-martial convened by SO AB-01 (as amended) and re-refers them to the court-martial created by SO AB-12. Charges may be withdrawn from a court-martial for any reason at any time before findings are announced. R.C.M. 604(a). Withdrawn charges upon which no evidence has been introduced at the initial court-martial may be referred to another court-martial unless withdrawal was for an improper reason. R.C.M. 604(b). In this instance the apparent reason for withdrawal and re-referral is to establish a quorum -- a proper reason. In addition, the withdrawal and re-referral are consistent with the trial proceedings and the express need to have a quorum. "[W]hen the plain language of the convening authority's action [or order] is facially complete and unambiguous, its meaning must be given effect." Wilson, 65 M.J. at 141. Put simply, an unambiguous convening order means precisely what it says.

United States v. Mack, 58 M.J. 413 (C.A.A.F. 2003), reflects a three-step process for reviewing convening orders and determining whether members were properly detailed to a given court-martial:

> [1] When the convening orders and the record make it
> clear that an individual who served on a court-martial
> panel was never detailed to do so, we have held that
> the court-martial was improperly constituted and the

> findings must be set aside.  United States v. Harnish,
> 12 C.M.A. 443, 31 C.M.R. 29 (1961).  [2]  When the
> record reflects an ambiguity as to whether an
> individual was detailed to serve at a particular
> court-martial, we look to the intent of the convening
> authority with respect to service of that member on
> that court-martial panel.  United States v. Padilla, 1
> C.M.A. 603, 5 C.M.R. 31, (C.M.A. 1952).  [3]  When
> there is an ambiguity but no evidence that the
> convening authority's intent was to the contrary, "the
> construction of the convening orders by the
> participants of [the] trial is controlling."  United
> States v. Gebhart, 34 M.J. 189, 193 (C.M.A. 1992).

Id. at 416.  Applying a similar analysis here confirms that this court-martial was defective.  In Adams' case, there is no ambiguity.  SO AB-12 is perfectly clear with respect to which members were detailed to serve on the court-martial created by that order.  Those individuals who previously remained from SO AB-01, as amended by SO AB-7 and SO AB-9, were never detailed to the court-martial convened by SO AB-12.  When the membership of the court-martial created by SO AB-12 fell below five properly detailed members and when persons not detailed to that court sat in judgment of Adams, this court-martial was not properly constituted and reversal is required.

The majority places great weight upon United States v. Glover, 15 M.J. 419 (C.M.A. 1983), to affirm this case on the basis of administrative error in the preparation of court-martial convening orders.  In my view, to the extent that Glover means that clear and unambiguous language in a convening order can be ignored, that case should be overruled.  As applied in

5

this case, Glover elevates erroneous interpretations by individuals other than the convening authority over the clear expression of the convening authority.  As a result, it condones inattention and sloppy administration in military justice.

There is nothing in the language of SO AB-12 that is improper, unlawful or ambiguous.  Facially, SO AB-12 addressed and rectified the lack of a quorum.  There is no justification for looking beyond the face of SO AB-12 itself, and there is no reason not to give the words of the convening authority their ordinary and plain meaning.  This court-martial lacked a properly detailed quorum and contained interlopers.  I therefore dissent.