ERDMANN, Judge,
with whom RYAN, Judge joins (dissenting):
The power to convene courts-martial and to detail members to those courts-martial rests solely in those commanders that Congress, the President, or the Secretary concerned empowered to take those actions. See Articles 22, 23, 24, 25, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 822, 823, 824, 825 (2000). A convening authority’s actions create the structural basis of a courts-martial and when the plain language of the convening authority’s order is clear, complete, and unambiguous, that order must be given effect. See United States v. Wilson, 65 M.J. 140, 141 (C.A.A.F.2007). Because the language of Special Order (SO) AB-12 clearly and unambiguously convened a new court-martial to which none of the previously detailed court members were re-detailed, and because the composition of that newly created court-martial fell below a quorum and lacked enlisted membership as requested by Adams, the court-martial suffered a structural error which requires reversal.
There is no dispute as to the sequence and contents of convening orders in this case. The initial convening order, SO AB-01, convened a general court-martial and detailed ten officers to the panel. That order was properly amended by SO AB-7 which removed five officers and detailed five enlisted *260 members. Then, SO AB-9 properly amended SO AB-01 relieving three members and naming three additional members. After voir dire only four members remained and the court-martial fell below quorum. The military judge recessed the court-martial and directed trial counsel to “get us a couple of names or three names there for potential new members, keeping in mind the numbers of officers and enlisted for the quorum[].” In response the convening authority issued SO AB-12 which, rather than amending SO AB-01, created a new court-martial. The issue before the court is whether Adams was tried before a properly convened court.
“A court-martial is created by a convening order of the convening authority.” Rule for Courts-Martial (R.C.M.) 504(a). The convening authority may change the members by order. R.C.M. 505(a). Before assembly of the court, the members may be changed without showing cause. R.C.M. 505(c)(1)(A). New members may be added after assembly “only when, as a result of excusáis ... the number of members of the court-martial is reduced below a quorum, or the number of enlisted members, when the accused has made a timely written request for enlisted members, is reduced below one-third of the total membership.” R.C.M. 505(e)(2)(B).
Adams’ court-martial had been sworn and assembled. Consequently, when the membership of Adams’ original court-martial fell below a quorum as a result of challenges, new members could have been added to the court-martial convened by SO AB-01 just as the convening authority had done in SO AB-7 and SO AB-9.
That is not, however, what SO AB-12 does. Rather than detailing new members to a previously convened court-martial, SO AB-12 very plainly “convened” a general court-martial. SO AB-12 has all the required attributes of an order creating a court-martial: it designates the type of court-martial and details members. The order detailed five members to the general court-martial, the precise number necessary to constitute a general court-martial. See Article 16(1)(A), UCMJ, § 10 U.S.C. 816(1)(A) (2000). This convening order stands in stark contrast to an order that merely adds members to a previously convened court-martial. Notably, this record reflects two prior, proper amending orders detailing new members to the court convened by SO AB-01. These amending orders reflect that the convening authority knew how to add members and support the plain reading of SO AB-12 that something entirely different was intended by that order.
There is other language in SO AB-12 that plainly indicates the creation of a new court-martial. The order states:
All cases referred to the general court-martial convened by Special Order AB-1, this headquarters, dated 8 October 2004, as amended by Special Order AB-7, this headquarters, dated 24 November 2004, and Special Order AB-9, this headquarters, dated 8 December 2004, in which the court has been assembled, will be brought to trial before the court hereby convened.
Facially this language withdraws the charges from the court-martial convened by SO AB-01 (as amended) and re-refers them to the court-martial created by SO AB-12. Charges may be withdrawn from a court-martial for any reason at any time before findings are announced. R.C.M. 604(a). Withdrawn charges upon which no evidence has been introduced at the initial court-martial may be referred to another court-martial unless withdrawal was for an improper reason. R.C.M. 604(b). In this instance the apparent reason for withdrawal and re-referral is to establish a quorum — a proper reason. In addition, the withdrawal and re-referral are consistent with the trial proceedings and the express need to have a quorum. “[W]hen the plain language of the convening authority’s action [or order] is facially complete and unambiguous, its meaning must be given effect.” Wilson, 65 M.J. at 141. Put simply, an unambiguous convening order means precisely what it says.
United States v. Mack, 58 M.J. 413 (C.A.A.F.2003), reflects a three-step process for reviewing convening orders and determining whether members were properly detailed to a given court-martial:
When the convening orders and the record make it clear that an individual who *261 served on a court-martial panel was never detailed to do so, we have held that the court-martial was improperly constituted and the findings must be set aside. United States v. Harnish, 12 C.M.A. 443, 31 C.M.R. 29 (1961). [2] When the record reflects an ambiguity as to whether an individual was detailed to serve at a particular court-martial, we look to the intent of the convening authority with respect to service of that member on that court-martial panel. United States v. Padilla, 1 C.M.A. 603, 5 C.M.R. 31 (C.M.A.1952). [3] When there is an ambiguity but no evidence that the convening authority’s intent was to the contrary, “the construction of the convening orders by the participants of [the] trial is controlling.” United States v. Gebhart, 34 M.J. 189, 193 (C.M.A.1992).
Id. at 416. Applying a similar analysis here confirms that this court-martial was defective. In Adams’ case, there is no ambiguity. SO AB-12 is perfectly clear with respect to which members were detañed to serve on the court-martial created by that order. Those individuals who previously remained from SO AB-01, as amended by SO AB-7 and SO AB-9, were never detaüed to the court-martial convened by SO AB-12. When the membership of the court-martial created by SO AB-12 feü below five properly detaüed members and when persons not detañed to that court sat in judgment of Adams, this court-martial was not properly constituted and reversal is required.
The majority places great weight upon United States v. Glover, 15 M.J. 419 (C.MA. 1983), to affirm this case on the basis of administrative error in the preparation of court-martial convening orders. In my Anew, to the extent that Glover means that clear and unambiguous language in a convening order can be ignored, that case should be overruled. As applied in this case, Glover elevates erroneous interpretations by individuals other than the convening authority over the clear expression of the convening authority. As a result, it condones inattention and sloppy administration in military justice.
There is nothing in the language of SO AB-12 that is improper, unlaAvful or ambiguous. FaciaUy, SO AB-12 addressed and rectified the lack of a quorum. There is no justification for looking beyond the face of SO AB-12 itself, and there is no reason not to give the words of the convening authority their ordinary and plain meaning. This court-martial lacked a properly detañed quorum and contained interlopers. I therefore dissent.