*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, DALY, and GROSS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Kimo N. HOOPII, Jr.**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202300061**

_____

Decided: 30 July 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Andrea C. Goode

Sentence adjudged 18 November 2022 by a special court-martial tried at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 4 months, and forfeiture of $610.00 pay per month for 4 months.

For Appellant:
*Commander Lindsay W. Pepi, JAGC, USN*

For Appellee:
*Lieutenant Rachel E. Noveroske, JAGC, USN*
*Lieutenant Blake R. Royall, JAGC, USN*

―――――――――――

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

―――――――――――

PER CURIAM:

A special court-martial convicted Appellant, pursuant to his pleas, of two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ).[1] This case is before us on direct appeal submitted by Appellant pursuant to Article 66(b)(1), UCMJ. Appellant asserts a single assignment of error (AOE), which we rephrase as follows: The military judge created a lack of jurisdiction when she instructed trial counsel to amend the convening order without approval from the convening authority. We find no prejudicial error and affirm.

## I. BACKGROUND

After entering into a plea agreement with Appellant on 27 September 2022, the convening authority in this case referred the charge to a special court-martial consisting of a military judge alone pursuant to Article 16(c)(2)(A).[2] He did so with the following language, contemporaneously convening a court-martial and referring the charge to it:

| V. REFERRAL; SERVICE OF CHARGES | | |
|---|---|---|
| 14a. DESIGNATION OF COMMAND OF CONVENING AUTHORITY | b. PLACE | c. DATE |
| HqSptBn, SOI (WEST), TRNG CMD | Camp Pendleton, CA | 2 NOV 2022 |

Referred for trial to the ___Special___ court-martial convened by   This document on ~~20 January 2021~~ 2 November 2022

which convenes a Special Court-Martial to be tried by judge alone pursuant to Article 16(c)(2)(A), UCMJ.

Dated ___20___ ___January___ 20 _21_ ,subject to the following instructions:[2]   The court may not

adjudge punishment in excess of the limitations specified in Article 19(b), UCMJ.

By /////////////////////////////// Of _____
   *Command or Order*

___J. M. WOULFE___               ___Commanding Officer___
*Typed Name of Officer*          *Official Capacity of Officer Signing*

LIEUTENANT COLONEL, U.S. MARINE
CORPS
*Grade*

*Signature*

―――――――――――

[1] 10 U.S.C. § 921.

[2] 10 U.S.C. § 816(c)(2)(A).

At trial, the military judge asked trial counsel to state the jurisdictional data for the record. The following discussion occurred:

TC: This court-martial is convened by the charge sheet . . . dated 20 January—that's incorrect—dated 2 November 22 . . . .

. . .

MJ: All right, I know why you messed that one part up, it is because there is an error on the referral Section of the charge sheet. So come up here and grab the charge sheet. It looks like they did a cut-and-paste from a prior referral, because it says . . . "This special court-martial convened by this document on 20 January 2021 . . . dated 20 January 2021." It should all be 2 November 2022.

. . .

MJ: So just come up here and make the pen change.

. . .

MJ: Because this is an error to the referral Section of the charge sheet, defense, do you have any objections to making this pen change?

DC: No, Your Honor.

MJ: It is an obvious cut-and-paste error and the Court does not find it rises to the level of an improper referral.[3]

Appellant's guilty plea and sentencing then proceeded with no further mention of the matter.

## II. LAW

We review questions of jurisdiction de novo.[4] We test administrative convening order and referral errors for prejudice.[5]

---

[3] R. at 2-4.

[4] *United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021) (citation omitted).

[5] *United States v. Gebhart*, 34 M.J. 189, 193 (C.A.A.F. 1992).

A court-martial has jurisdiction over a case if: (1) it is convened by an official empowered to convene it; (2) it is composed in accordance with the rules for courts-martial relating to the number and qualifications of personnel; (3) each charge before it is referred to it by competent authority; (4) the accused is subject to court-martial jurisdiction; and (5) the offense is subject to court-martial jurisdiction.[6]

While the UCMJ clearly defines who may convene (Article 22) and who may serve on (Article 25) a court-martial, it is nearly silent regarding the content and form of a convening order. Rule for Courts-Martial 504(d) requires only that a convening order for a special court-martial "designate the type of court-martial" and "detail the members, if any." But Rule for Courts-Martial 503(d)(3) provides that "[a]dditional matters to be included in convening orders may be prescribed by the Secretary concerned." At the time of Appellant's trial, these "additional matters" included "a court-martial convening order number" and information identifying the convening authority.[7] This prescription also included the following provision:

> A military judge alone special court-martial authorized by Article 16(c)(2)(A) is convened with the use of a convening order or, at the time of referral, by annotating Section V of the charge sheet as follows: "Referred for trial to the special court-martial convened by (name of convening authority) (date), subject to the following instructions: This case is to be tried as a special court-martial consisting of a military judge alone pursuant to UCMJ, Article 16(c)(2)(A)."[8]

Regardless of form, however, "[a]convening order which brings a court-martial into being is but an expression of the intent of the convening authority. The particular document which is prepared is merely a formal recordation of that expressed intent."[9]

The statutory definition of "referral" is "the order of a convening authority . . . that charges and specifications against an accused be tried by a specific

---

[6] Rule for Courts-Martial 201(b).

[7] JAGINST 5800.7G CH 1, Manual of the Judge Advocate General (JAGMAN), 14 Feb 2022, para 0133c.

[8] *Id.*

[9] *United States v. Glover*, 15 M.J. 419, 421 (C.M.A. 1983).

court-martial."[10] A proper referral requires three things: (1) an authorized, but not disqualified, convening authority; (2) preferred charges received by that convening authority for disposition; and (3) a court-martial convened by that convening authority or a predecessor.[11] Procedural provisions regarding referral are not statutory, and, normally, departures from these procedures are not defects of jurisdictional proportion.[12]

## III. DISCUSSION

### A. The Convening Authority's Intent is Clear

The convening authority convened a special court-martial on 2 November 2022 when he signed Section V of the charge sheet. He contemporaneously referred the charges to that court-martial. The words "This document" can mean nothing other than the charge sheet upon which they appear. While the conflicting dates indicate a lack of attention to detail, they are not necessary for the parties in this case to understand what document—or court-martial—the convening authority referenced. There was no confusion regarding what specific court-martial was to try the charge and specifications. Indeed, the charge and specifications were referred to this specific court-martial as part of a specially negotiated provision in the plea agreement between Appellant and the convening authority.

Additionally, we have the "Article 34 letter,"[13] indicating that the convening authority consulted with a judge advocate "prior to referring the charge and specifications preferred in enclosure (1) to a special court-martial." Enclosure (1) of that letter is the "Preferred Charge Sheet of 18 August 22"—i.e., the

---

[10] Art 34(e), UCMJ.

[11] Rule for Courts-Martial 601(a) (Discussion).

[12] *United States v. Simpson*, 16 C.M.A. 137, 139, 36 C.M.R. 293, 295 (1966). *See also United States v. Fields*, 17 M.J. 1070, 1071 (A.F.C.M.R. 1984), *pet. denied*, 19 M.J. 56 (C.M.A. 1984).

[13] Article 34, UCMJ.

charge sheet in this case.[14] The letter is signed 3 November 2022, one day following the convening authority's handwritten date and signature on the referral block.[15]

Considering together the language and dates on the charge sheet, the language of the Article 34 letter, and the discussion between the military judge and the parties concerning the conflicting dates, we are convinced that the parties fully understood what the charges were, who the convening authority was, and to what court-martial that convening authority referred those charges.

The language in Section V does not track completely with the JAGMAN's language. But to find that the trial counsel's pen-and-ink correction of the date somehow convened a different court-martial or affected the referral in this case would be absurd. This correction in no way reflected any deviation from the convening authority's clear intent. If anything, it brought the language of Section V more in line with that intent.

## B. The Error was Administrative, not Jurisdictional—and was Waived

As we find the error created no uncertainty as to the convening and referral process in this case, we conclude the error was not one of jurisdiction. And, being administrative in nature, the error was waived by Appellant. When the military judge specifically asked if the Defense had any objection to trial counsel correcting the erroneous date via a pen-and-ink change, Appellant's counsel said "no."[16] But, even were we to ignore this clear evidence of waiver, the result is the same. Appellant has demonstrated no prejudice resulting from this administrative error.[17]

---

[14] Enclosure (1) to Article 34, UCMJ, pre-referral advice to convening authority letter.

[15] Although the "Article 34 letter" was signed the day after the date of referral, it specifically states that the convening authority consulted an attorney *before* he made the referral--as required by Rule for Courts-Martial 406A.

[16] R. at 4.

[17] See *Glover*, 15 M.J. at 422 ("[T]he intent of the convening authority was known, and all the parties to the trial, including appellant, had a clear and correct understanding of that intent and acted accordingly. Consequently, the administrative error involved here did not rise to the level of prejudice to the accused.")

## IV. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[18]

However, we note that the Entry of Judgment (EOJ) does not sufficiently identify the dates of the specifications to which Appellant pleaded guilty. We recently defined the requirements for an EOJ in *United States v. Wadaa,* holding that the summary of the charges and specifications must contain the date of each offense.[19] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[20] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[18] Articles 59 & 66, UCMJ.

[19] __M.J. __, No. 202300273, 2024 CCA LEXIS 148 at *6 (N-M. Ct. Crim. App. Apr. 25, 2024).

[20] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300061 |
| v. | **ENTRY<br>OF<br>JUDGMENT** |
| **Kimo N. Hoopii, Jr.**<br>**Lance Corporal (E-3)**<br>**U.S. Marine Corps**<br><br>*Accused* | *As Modified on Appeal*<br><br>**30 July 2024** |

On 18 December 2022, the Accused was tried at Marine Corps Base Camp Pendleton, California, by a special court-martial, consisting of a military judge sitting alone. Military Judge Andrea C. Goode presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:**  **Violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:**  **On or about 16 April 2022, commit larceny of non-military property of a value of more than $1,000.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:**  **On or about 1 May 2022, commit larceny of non-military property of a value of more than $1,000.**

> *Plea:* Guilty.
> *Finding:* Guilty

## SENTENCE

On 18 December 2022, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of four months.**

**Forfeiture of $610.00 pay per month for 4 months.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court