UNITED STATES, Appellee

v

STUART C. HARNISH, Private First Class,
U. S. Marine Corps, Appellant

12 USCMA 443, 31 CMR 29

No. 14,888

July 21, 1961

*Lieutenant Colonel Remmel H. Dudley,* USMC, argued the cause for Appellant, Accused.

*Lieutenant Commander Raymond O. Kellam,* USN, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The court was improperly constituted. The findings of guilty are set aside. The Charge and its specifications are ordered dismissed.

FERGUSON, Judge (concurring):

I concur.

While I agree fully with the Chief Judge that the court-martial which tried accused's case was improperly constituted, I prefer more fully to set out the circumstances involved.

The charges against the accused were originally referred to a special court-martial whose membership included Peter and Tallentire. Subsequently, the charges were withdrawn from that court-martial and referred to trial before another special court-martial. Although Peter and Tallentire had not been appointed to this panel, they were present and participated in the hearing of accused's case.

It is clear that Peter and Tallentire were never appointed to the court-martial before which accused's case was tried. Thus, they were mere interlopers, and the proceedings are a nullity. United States v Machlin, 59 BR 343; United States v Steward, 11 BR 385; United States v Goggan, 49 BR 289. Our decision in United States v Padilla, 1 USCMA 603, 5 CMR 31, is clearly distinguishable. In that case, it was established that the convening authority intended to, and did appoint two new members to the panel which tried the accused. By reason of a clerical error, it appeared that they were placed on another court "as amended" by the orders appointing the actual trial body. We held that such a mistake did not invalidate the appointing orders.

Here, no such error occurred, and the best that the Government has been able to demonstrate is that the convening authority subjectively intended to place Peter and Tallentire on the court which tried accused but took no action to accomplish his aim. The latter, of course, is the *sine qua non* of military court membership. United States v Padilla, supra; Givens v Zerbst, 255 US 11, 65 L ed 475, 41 S Ct 227 (1921).

Accordingly, I agree with the Chief Judge that the proceedings against accused are a nullity. The egregious nature of the error argues against subjecting him again to the harassment of another trial. I, therefore, join in dismissing the Charge and its specifications.