UNITED STATES, Appellee,

v.

Charles E. HERRINGTON, Private, U. S. Army, Appellant.

No. 35,010.

CM 434581.

U. S. Court of Military Appeals.

Jan. 21, 1980.

For Appellant: *Captain D. David Hostler* (argued); *Colonel Robert B. Clarke, Major Benjamin A. Sims* (on brief); *Colonel Edward S. Adamkewicz, Jr.*

For Appellee: *Lieutenant Colonel R. R. Boller* (argued); *Colonel Thomas H. Davis, Captain Lee D. Schinasi* (on brief).

Opinion of the Court

PER CURIAM:

Two of the three issues upon which the Court granted accused's petition for review have since been decided adversely to his contentions. The first relates to the general qualification of a commanding officer to authorize a search; *United States v. Ezell*, 6 M.J. 307 (C.M.A.1979), rejected *per se* disqualification. The second invited reexamination of *United States v. Evans*, 21 U.S.C. M.A. 579, 45 C.M.R. 353 (1972), where the Court upheld the admissibility of a laboratory report as to the nature of a substance submitted for analysis; that holding was reaffirmed in *United States v. Strangstalien*, 7 M.J. 225 (C.M.A.1979). Accused's third assignment of error challenges the right of a court member to sit as such for trial of the charges because he had previously been "excused" by the convening authority. We now decide that issue against the accused.

As authorized by Article 39(a),[1] the trial judge held a hearing without the detailed court members to dispose of various preliminary matters, such as accused's understanding of his right to counsel and a defense motion to suppress evidence alleged to have been illegally obtained. Certain testimony on the motion to suppress convinced the trial judge and counsel that two court members were subject to challenge for cause. As a result, the judge inquired about other court members, and was informed by trial counsel that, because of a joint Army and Air Force exercise that "began here today," Lieutenant Colonel Bennett, the senior member detailed to the court, had been "excused by the convening authority." Two days later, the court was called to order with the court members. Colonel Bennett was present.

No one challenged Colonel Bennett's right to sit on the court. He was sworn with the other members, and examined with them for possible disqualification. No ground of disqualification appeared, and he

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

was not challenged, either peremptorily or for cause.

Appellate defense counsel contend that once excused a court member cannot sit unless he is again appointed to the court by the convening authority. In their view, an excused absence by the convening authority is equivalent to removal from the court. Article 29, UCMJ, 10 U.S.C. § 829, implies the contrary.

In pertinent part, subdivision (a) of Article 29 provides that a court member "may be absent or excused" for specified reasons. One reason is "by order of the convening authority." Subdivision (b) indicates the effect of the nonpresence of a member upon the trial proceedings of a general court-martial. Specifically, it provides that if the absence of a member reduces the number of court members present below five, "the trial may not proceed" unless a new person is detailed to the court by the convening authority. The manifest inference is that if a new member is not detailed, trial must be adjourned until the absent or excused member becomes available.

The inference of Article 29 is stated as fact in a discussion of the subject in the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 37c(2) observes that a member can be excused for a particular case or session of the court, without being relieved "permanently." Nevertheless, relying upon United States v. Harnish, 12 U.S.C.M.A. 443, 31 C.M.R. 29 (1961), appellate defense counsel contend that an "excused" member cannot sit unless "some affirmative action" is taken to reappoint him as a member. Harnish does not support the contention. There, two persons who had never been detailed to the court-martial that tried the accused's case sat as members of that court. They had been detailed to a court to which the charges had previously been referred for trial, but that reference had been negated by proper withdrawal of the charges from that court. Here, Colonel Bennett was unquestionably

detailed to the court-martial that tried the accused, and, as far as the record shows, he was never thereafter removed. We conclude, therefore, that, unlike the persons in Harnish, Colonel Bennett was not an interloper on the trial court, and that the court, with Colonel Bennett sitting as a member, was properly constituted.

The decision of the United States Army Court of Military Review is affirmed.

PERRY, Judge * (concurring in part and dissenting in part):

I agree with the majority's treatment and disposition of the appellant's contention that Lieutenant Colonel Bennett improperly sat on the court-martial panel which tried and convicted him. I also agree with the majority's disposition of the claim that military commanders should be per se disqualified. As the majority states, that contention was disposed of in United States v. Ezell, 6 M.J. 307 (C.M.A.1979). However, review of the record convinces me that here, the commander became involved in investigation of crime and, therefore, could not act as a neutral and detached magistrate. A brief review of the facts of record will demonstrate the commander's involvement in this case.

An informant, himself a drug user, accosted the commander for drug rehabilitation assistance and confided in him his dependency on and involvement with drugs. The commander then explained the drug rehabilitation program and told the informant that if he was really sincere in his desire to receive assistance, he should tell the commander the source of his drugs. The informant eventually stated that he had recently purchased 100 tablets of speed from another soldier in the unit and that the seller had a larger quantity in his (the seller's) locker. But the informant stated that he would not tell the commander who the seller was because he was afraid for his own safety. Gradually, the commander persuaded the informant to divulge the sell-

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confir-

mation as a United States District Judge for the District of South Carolina.

er's name to the CID. The commander then requested the CID office to send over an agent to interview the informant. This interview occurred out of the presence of the commander and after it was over the agent told the commander that the informant identified the appellant as the person who sold him the drugs. The CID agent then suggested to the commander that it might prove "most beneficial" to arrange another buy. The commander took "his counsel on that particular point" and agreed to let the agent make the arrangement with the informant "to try to establish it." That afternoon the CID agent called the commander and asked him whether he heard from the soldier yet, to which he replied "no." Thereafter, the commander called the informant, endeavoring to learn whether he had made the purchase. When the informant responded that an attempt at a buy could not possibly occur until that evening or next day, the commander felt that he could not afford to lose any more time since he thought he already had cause to search, and he forthwith ordered the search of the appellant's room. The search of the appellant's room uncovered numerous amphetamine tablets and a bag containing marihuana.

During the hearing on the appellant's motion to suppress the evidence, the commander's predisposition against the appellant was made quite clear. He stated that "with Private Herrington's demonstrated character and behavior within the troop, clearly, to me *substantiated* reasonable cause and—in that way with regard to the individual . . ." (Emphasis added). That is, the appellant worked in the motor pool, which, in the commander's view, was the hot bed of drug activity in his unit. The appellant had also been previously involved with another soldier who had been court-martialed for possession of marihuana. Also, another officer had reported to him that he had information that implicated the appellant in drug abuse. And still another man had described to him the "practice" that the appellant pursued and "the way he smoked his marihuana." Finally, he had inspected the appellant's room and "signs of the [drug] culture" were still present. All this "input, the very informal input that I had was—was generally what I was reacting to as commander when I made my decision" to authorize the search of the appellant's room.

By participating in the scheme by which the informant was to purchase more drugs, the commander involved himself in the " 'enterprise of ferreting out [evidence of] crime.' " *United States v. Ezell, supra* at 310. Therefore, he could not serve as a neutral and detached magistrate and impartially evaluate the information given him in arriving at a finding of probable cause. It follows that the search authority issued by him was fatally defective and the evidence discovered during the search of the appellant's room should have been suppressed. Moreover, it was equally disqualifying for the company commander to initiate the search on the basis of the appellant's character and behavior.

In *United States v. Strangstalien*, 7 M.J. 225 (C.M.A.1979) (Perry, J. dissenting), I set forth in detail my views concerning the hearsay nature of laboratory reports and the denial of the right of confrontation under the Sixth Amendment which occurs when such reports are admitted in criminal trials where the makers of the reports do not testify, at which time "they will be sworn and will be subject to cross-examination, the scrutiny of the court, and confrontation by the accused." *Id.* at 234 n. 14. I also opined that *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972), had been incorrectly decided. I adhere to that view. I, therefore, respectfully dissent from the majority's disposition of that issue.