IN THE CASE OF


UNITED STATES, Appellee

v.

Annie R. MACK, Specialist
U.S. Army, Appellant

No. 03-0029

Crim. App. No. 9900146

United States Court of Appeals for the Armed Forces

Argued April 29, 2003

Decided July 1, 2003

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, BAKER, and ERDMANN, JJ., joined.


<u>Counsel</u>

For Appellant: Captain Eilin J. Chiang (argued); Colonel Robert
    D. Teetsel, Lieutenant Colonel E. Allen Chandler, Jr., and
    Captain Mary E. Card (on brief); Major Imogene M. Jamison.

For Appellee: Captain Mark J. Hamel (argued); Lieutenant
    Colonel Margaret B. Baines, Lieutenant Colonel Lauren B.
    Leeker and Major Jennifer H. McGee (on brief).


Military Judge: John P. Galligan


**<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.**

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to her pleas, of attempted larceny, conspiracy to commit forgery, conspiracy to commit larceny, larceny, and five specifications of forgery, in violation of Articles 80, 81, 121, and 123, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 881, 921, 923 (2000), respectively.  She was sentenced to a bad-conduct discharge and confinement for two years.  The convening authority approved the sentence but waived the automatic forfeitures from April 16 to October 13, 1999, with direction for payment of those funds to her dependents.  See Article 58b, UCMJ, 10 U.S.C. § 858b (2000).  The Court of Criminal Appeals affirmed in an unpublished opinion.  United States v. Mack, Army No. 9900146 (Army Ct. Crim. App. May 16, 2002).

We granted review of the following issue:

> WHETHER TWO ALTERNATE ENLISTED MEMBERS WHO SAT
> ON APPELLANT'S COURT-MARTIAL WERE IMPROPERLY
> DETAILED, AND WHETHER THEIR PRESENCE WAS
> INCONSISTENT WITH THE CONVENING AUTHORITY'S
> INTENT, AND THEREBY RENDERED THE PROCEEDINGS A
> NULLITY.

In addition, we specified the following issue:

> WHETHER THE LOWER COURT ERRED IN AFFIRMING
> APPELLANT'S SEPARATE CONVICTIONS FOR
> SPECIFICATION 1 (CONSPIRACY TO COMMIT FORGERY)
> AND SPECIFICATION 2 (CONSPIRACY TO COMMIT
> LARCENY) OF CHARGE I WHERE THERE WAS BUT ONE

2

> AGREEMENT TO COMMIT THE MULTIPLE SUBSTANTIVE
> OFFENSES?  SEE UNITED STATES V. PEREIRA, 53 M.J.
> 183 (C.A.A.F. 2000).

On the granted issue, we hold that the record does not demonstrate that any members of the court-martial panel served in contravention to the convening authority's intent.  On the specified issue, we consolidate the two conspiracy specifications and conclude that Appellant was not otherwise prejudiced as to the findings and the sentence.

## I. THE COURT-MARTIAL PANEL

### A. BACKGROUND

1.  Trial proceedings

Charges against the Appellant were referred by the convening authority to a general court-martial convened under Court-Martial Convening Order Number 10.  The convening order listed primary and alternate members, and set forth a procedure for modifying the panel's composition in the event of a request for trial before a panel that included enlisted members.  The members listed on the convening order were selected personally by the convening authority.

Pursuant to Article 25(c), UCMJ, 10 U.S.C. § 825(c) (2000), Appellant requested that at least one-third of the court-martial panel be composed of enlisted members.  The pertinent portion of the convening order listed the names of six officers and six

enlisted members.  The order also provided the following procedure for making replacements in the event that the number of enlisted members fell below the one-third statutory quorum requirement: "Should before trial, or at trial the number of enlisted members fall below quorum, the first two available enlisted members in the order listed below are automatically detailed to the court[.]"  The first three names on the list were: Command Sergeant Major (CSM) S, CSM M, and Sergeant Major (SGM) S-R.  In the course of convening this court-martial, the convening authority adopted the criteria set forth by the staff judge advocate (SJA), which noted that the first two available, alternate enlisted members would be "automatically detailed" without further action by the convening authority --

> (a) if, before trial, the number of enlisted members of the GCM, BCD SPCM, or SPCM court-martial panel falls below one-third plus two, or

> (b) if, before trial, the total number of members of the GCM court-martial panel falls below nine, or

> . . . .

> (d) if, before trial, the total number of members of the GCM court-martial panel falls below nine as indicated in paragraph 3(e)(5)(b) above, then you also direct that the first three alternate, not previously excused, officer members be detailed, or

> (e) if, at trial, a panel falls below enlisted quorum, or

4

> (f) if, at trial, a panel falls below quorum.

After the military judge called the court-martial to order, trial counsel announced that "the following persons" had been "detailed to this court-martial," and read 11 names into the record. See Rule for Court-Martial 813(a)(4). The announcement included two enlisted members from the convening authority's list of alternates, CSM M and SGM S-R. Trial counsel also announced the names of two officers and one enlisted member who had been excused. Defense counsel did not make any inquiries regarding the presence of CSM M or SGM R-S or the excusal of the other members, nor did defense counsel otherwise object to the composition of the panel. The defense did not challenge any of the panel members. The panel sat for the entire trial, through the adjudication of the findings and the sentence, without objection from the defense.

2.    Consideration by the Court of Criminal Appeals

Appellant filed a brief with the Court of Criminal Appeals challenging the factual and legal sufficiency of two findings. The Court decided on its own motion to remand the case for an evidentiary hearing concerning the propriety of the presence of CSM M and SGM R-S on the court-martial panel. See United States v. DuBay, 17 C.M.A. 147, 149, 37 C.M.R. 411, 413 (1967).

The DuBay hearing was conducted by the military judge who presided at Appellant's trial. The evidence received at the hearing included the convening order and related selection documents quoted above; a letter pertinent to the reason why CSM S, the first alternate enlisted member named in the convening order, had not been detailed; a stipulation of expected testimony from the convening authority stating that his "intent as to the mechanisms that would trigger the automatic detailing of alternate enlisted members [was] fully captured in the selection documents"; and a stipulation of fact in which both parties acknowledged that no documentary evidence could be located concerning the excusal of the three original members or adding CSM M and SGM S-R to the panel.

The military judge, who made findings of fact and conclusions of law, found that no one present during the court-martial had questioned the legitimacy of the court-martial panel. The military judge also found that "it [was] impossible to discern what the convening authority's intent was with respect to the appointment of the alternate enlisted members who sat on [A]ppellant's court-martial." The military judge concluded as a matter of law that it was the Government's burden to demonstrate that the court-martial was properly composed and that the Government had not met its burden in this case. Based

on that determination, the military judge concluded that the court-martial lacked jurisdiction.

The Army Court of Criminal Appeals affirmed Appellant's conviction in a per curiam opinion.  In a footnote, the court referred to the DuBay hearing, stating that

> Command Sergeant Major (CSM) M and Sergeant Major (SGM) S-R were appointed as alternate enlisted members to sit on [A]ppellant's court-martial if the number of enlisted members fell below a quorum "before trial, or at trial[.]"  There is no clear explanation as to how either came to sit on [A]ppellant's court-martial, despite the fact that the panel would not have been below a quorum without them.  After participating in voir dire with the other members, neither side challenged CSM M or SGM S-R.  Their presence as members does not constitute jurisdictional error.  Cf. United States v. Herrington, 8 M.J. 194, 195 (C.M.A. 1980)(a detailed member who had previously been excused was not challenged during voir dire and found not to be an interloper).

Mack, Army No. 9900146, slip op. at 2 n.*.


## B. DISCUSSION

The responsibility for the composition of a court-martial panel rests with the convening authority.  Article 25.  When a service member exercises the right to request a panel that includes enlisted members, the convening authority must ensure compliance with the statutory requirement that enlisted members compose at least one-

7

third of the panel. See id.  The convening authority may accomplish this through a variety of actions, including orders that automatically add specific members to the panel upon the occurrence of well-defined triggering events.

Only those service members who are detailed to a specific court-martial can serve on that court-martial panel.  When the convening orders and the record make it clear that an individual who served on a court-martial panel was never detailed to do so, we have held that the court-martial was improperly constituted and the findings must be set aside.  United States v. Harnish, 12 C.M.A. 443, 31 C.M.R. 29 (1961).  When the record reflects an ambiguity as to whether an individual was detailed to serve at a particular court-martial, we look to the intent of the convening authority with respect to service of that member on that court-martial panel.  United States v. Padilla, 5 C.M.R. 31, (C.M.A. 1952).  When there is an ambiguity but no evidence that the convening authority's intent was to the contrary, "the construction of the convening orders by the participants of [the] trial is controlling."  United States v. Gebhart, 34 M.J. 189, 193 (C.M.A. 1992).

In the present case, the convening authority included both CSM M and SGM S-R on the convening order for this court-martial panel, and provided that they would be "automatically detailed"

to the court-martial upon the occurrence of any of a defined set of triggering events. There was no requirement for trial counsel to address the circumstances of a triggering event in more detail absent a request that the trial counsel set forth the details of the triggering event. Trial counsel's only obligation was to state on the record that the members were properly detailed. See Gebhart, 34 M.J. at 193 (the prosecution is not obligated to place in the record the precise sequence of events leading to changes in the composition of the court-martial where there is no evidence that convening authority's intent was frustrated and the actions of the parties at trial are consistent with that assumption).

The present case is distinguishable from Harnish, 12 C.M.A. at 444, 31 C.M.R. at 30 (Ferguson, J., concurring), where an unambiguous record demonstrated that the two "interlopers," who were not included in the applicable convening order, had not been selected by the convening authority to sit on the court-martial to which the case had been reassigned. This case also is distinguishable from Padilla and Gebhart, where the wording of the convening orders created doubt as to the intent of the respective convening authorities. Here, there is no doubt as to what the convening authority intended, nor is there any doubt that the convening authority issued an order adding the two members to Appellant's court-martial panel upon the occurrence

of a specific triggering event.  When a convening authority refers a case for trial before a panel identified in a specific convening order, and the convening order identifies particular members to be added to the panel upon a triggering event, the process of excusing primary members and adding the substitute members involves an administrative, not a jurisdictional matter. Absent objection, any alleged defects in the administrative process are tested for plain error.  See United States v. Cook, 48 M.J. 434, 436 (C.A.A.F. 1998).

Appellant has not challenged the validity of the convening authority's use of the automatic process to add members in the present case.  Thus, the only question before us is whether, under the record established at trial and during the DuBay proceedings, prejudicial plain error occurred in the process of excusing members and adding the two members at issue here, each of whom had been specifically identified by the convening authority in the convening order to be added upon the occurrence of a triggering event.  See id.

In this case, the record of trial and the record of the DuBay proceedings reflect the following: (1) the convening authority personally selected the primary and alternate members listed on Court-Martial Convening Order Number 10, including the members whose service on the panel is at issue in this appeal; (2) the convening authority referred the charges in the present

case to the court-martial convened under Court-Martial Convening Order Number 10; (3) the convening order contained a procedure automatically excusing certain members and adding other members in the event of a request for a panel that included enlisted members; (4) Appellant requested a panel that included enlisted members; (5) the members at issue in the present appeal were included on the convening order in the category of members to be added to the court-martial panel in the event of a triggering event that caused the number of enlisted members on the panel to fall below quorum; (6) three primary members -- two officer and one enlisted -- were excused prior to trial; and (7) trial counsel stated at trial that the members had been detailed properly.

In the present case, the record does not contain evidence demonstrating error, much less prejudicial error, in the mechanics of the triggering process.  On the contrary, the record is consistent with the occurrence of a triggering event. Excusal of one officer and the one enlisted member prior to the excusal of the other officer would have reduced the panel to ten members, five of whom were officers and five of whom were enlisted.  At that point, the number of enlisted members would have been less than one-third of the total panel plus two, which is the first triggering event listed in the SJA's memorandum to

the convening authority regarding operation of the convening order.

At trial, there was no requirement for the trial counsel to address the circumstances of the triggering event. On appellate review, including review during a DuBay proceeding, the Government likewise was not obligated to produce evidence of the actual operation of the triggering mechanism absent evidence in the trial record or adduced after trial raising reasonable questions regarding the triggering mechanism.

Even if the military judge at the DuBay hearing had concluded that there had been an error in the operation of the triggering process, that would not have ended the inquiry. Where, as in this case, the record establishes that the members of the panel were listed on the face of the pertinent convening order to be added upon a triggering event and the panel met the applicable one-third enlisted composition requirement, any error in the operation of the triggering mechanism was administrative, not jurisdictional, and Appellant was required to demonstrate prejudice. See Cook, 48 M.J. at 486. There has been no showing of prejudice in this case.

## II. MULTIPLE CONSPIRACY SPECIFICATIONS

### A. BACKGROUND

Appellant and her co-conspirator sought to steal $3,000 from the American Red Cross Emergency Services. To that end, they conspired to steal a check from the Red Cross and to falsely make out that check for $3,000, payable to Appellant's co-conspirator.

In this context, the charges against Appellant included two separate conspiracy specifications. The first specification charged Appellant with conspiring to commit forgery by falsely making out an American Red Cross Emergency Services check to her co-conspirator for the amount of $3,000. The second specification alleged that Appellant conspired to commit larceny of $3,000 from the American Red Cross Emergency Services by stealing the same Red Cross check. At trial, the prosecution produced evidence of only one agreement – to steal money from the American Red Cross Emergency Services.

### B. DISCUSSION

In the present appeal, the Government acknowledges that there was only one conspiracy. See Braverman v. United States, 317 U.S. 49, 53 (1942)(holding that it is the "agreement which constitutes the conspiracy ... one agreement cannot be taken to be several agreements and hence several conspiracies because it

envisages the violation of several statutes rather than one");

United States v. Pereira, 53 M.J. 183 (C.A.A.F. 2000); United

States v. Reliford, 27 M.J. 176 (C.M.A. 1988)(summary

disposition).  Accordingly, it is appropriate to consolidate the

conspiracy allegations into a single specification.[*]  Because the

conduct supporting a conviction on that specification remains

the same as that proved at trial, we affirm the findings as

consolidated.

   With respect to the sentence, we conclude that Appellant

suffered no prejudice in the circumstances of this case from the

erroneous use of two conspiracy specifications rather than a

single specification.  The conspiracy charge was not the major

component of the findings against Appellant.  She also was

convicted of five specifications of forgery, one specification

of attempted larceny, and one specification of larceny.  The use

---

[*] Specifications 1 and 2 of Charge I are consolidated as follows:

CHARGE I:  VIOLATION OF THE UCMJ, ARTICLE 81

Specification:  In that Specialist Annie R. Mack, U.S. Army, did, at or near Fort Hood, Texas, on or about 14 July 1998 conspire with George L. Bailey to commit offenses under the Uniform Code of Military Justice, to wit: forgery, by falsely making, with intent to defraud, a certain check in the following words and figures, to wit: Pay to the Order of George L. Bailey the sum of $3000.00, dated 14 July 1998 and drawn on the account of the American Red Cross Emergency Services at The First National Bank of Chicago, which would, if genuine, apparently operate to the legal harm of another in that $3000.00 would be withdrawn from the American Red Cross account at The First National Bank of Chicago; and larceny of U.S. currency of a value of $3000.00, the property of the American Red Cross, and in order to effect the object of the conspiracy the said Specialist Annie R. Mack did steal an American Red Cross Emergency Services check # 00347112.

14

of two conspiracy specifications rather than one did not require any additional evidence because the conduct underlying the two conspiracy specifications was the same as the conduct supporting the single consolidated specification.

Consolidation of the conspiracy charge into a single specification would not have had a major impact on the maximum sentence available at trial in the context of the sentence adjudged. The maximum confinement announced at trial was forty years. The maximum confinement with a consolidated conspiracy specification would have been thirty-five years and six months. Appellant was sentenced to only two years confinement. In that context, the error in convicting Appellant of two conspiracy specifications was not prejudicial as to the sentence. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

## III. DECISION

The decision of the Army Court of Criminal Appeals as to Charge I and its specifications (as consolidated), Charge II and its specification, Additional Charge III and its specification, Additional Charge IV and its specification, and the sentence is affirmed.