# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KEITH M. DONOVAN**
**United States Army, Appellant**

ARMY 20120868

Headquarters, Joint Readiness Training Center and Fort Polk
Patricia H. Lewis, Military Judge
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain A. Jason Nef, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Sean P. Fitzgibbon, JA (on brief).

23 April 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempting to wrongfully obtain possession of oxymorphone, a Schedule II controlled substance, in violation of 21 U.S.C. § 843; three specifications of conspiracy; one specification of absence without leave; two specifications of wrongfully using marijuana; one specification of wrongfully possessing oxymorphone; one specification of wrongfully introducing oxymorphone onto an installation with the intent to distribute; one specification of wrongfully distributing oxymorphone; and one specification of wrongfully obtaining possession of oxymorphone in violation of 21 U.S.C. § 843, which conduct was prejudicial to good order and discipline in the armed forces and service discrediting; in violation of Articles 80, 81, 86, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 886, 912a, 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement

for seven months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. Appellant alleges two of assignments of error, both of which merit relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find they are without merit.

Appellant first argues that Specifications 1-3 of Charge I (conspiracy to wrongfully introduce oxymorphone onto an installation with the intent to distribute; conspiracy to wrongfully obtain oxymorphone in violation 21 U.S.C. § 843; and conspiracy to wrongfully distribute oxymorphone) should be merged into one specification because the providence inquiry established only one agreement to commit all of these offenses. The government concedes that appellant entered into a single conspiracy to commit multiple offenses, and we agree. *See Braverman v. United States*, 317 U.S. 49, 53 (1942) (holding that it is the "agreement which constitutes the conspiracy . . . one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one"); *United States v. Mack*, 58 M.J. 413, 418-19 (C.A.A.F. 2003); *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000) ("A single agreement to commit multiple offenses ordinarily constitutes a single conspiracy.").

Appellant also argues the military judge failed to elicit a factual basis to support appellant's conviction for conduct that is "prejudicial to good order and discipline in the armed forces" in the Specification of Charge III (wrongfully obtaining possession of oxymorphone in violation of clauses 1, 2, and 3—21 U.S.C. § 843—of Article 134, UCMJ). The government again concedes there is a substantial basis in fact to question appellant's plea to the clause 1 conduct. We accept the government's concession. *See United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)); *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 60.c(2)(a) (The prejudice to the good order and discipline of the armed forces must be "direct and palpable.").

Specifications 1, 2, and 3 of Charge I are consolidated into the Specification of Charge I as follows:

> In that Specialist Keith M. Donovan, U.S. Army, did, at or near Fort Polk, Louisiana, between on or about 15 November 2011 and on or about 6 February 2012, conspire with Sergeant [MR], to commit offenses under the Uniform Code of Military Justice, to wit: wrongful introduction of oxymorphone, a schedule II controlled substance onto a

vessel, aircraft, vehicle, or installation used by the armed forces, to wit: Fort Polk Louisiana, with the intent to distribute said controlled substance; knowingly obtain possession of a controlled substance, oxymorphone, by misrepresentation, fraud, forgery, deception, or subterfuge in violation of Title 21, United States Code, Section 843, such conduct being prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces; and wrongful distribution of oxymorphone, a schedule II controlled substance, and in order to effect the objects of the conspiracy the said Specialist Keith M. Donovan did present a fraudulent prescription for oxymorphone to Don's Family Pharmacy, Leesville, Louisiana.

The findings of guilty of the Specification of Charge I and Charge I, as consolidated, are AFFIRMED. We AFFIRM only so much of the findings of guilty of the Specification of Charge III and Charge III as provides:

In that Specialist Keith M. Donovan, U.S. Army, did, at or near Leesville, Louisiana, on divers occasions, between on or about 28 November 2011 and 6 February 2012, knowingly obtain possession of a controlled substance, oxymorphone, by misrepresentation, fraud, forgery, deception or subterfuge in violation of Title 21, United States Code, Section 843, such conduct being of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the errors noted, the entire record, and the principles in *United States v. Sales*, 22 M.J. 305, 308 (C.M.A.1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court