# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**KENNETH R. WALKER**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201400136**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 15 November 2013.
**Military Judge:** CDR M.N. Fulton, JAGC, USN.
**Convening Authority:** Commanding Officer, Combat Logistics Regiment 3, 3d Marine Logistics Group, Kaneohe Bay, HI.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez, USMC.
**For Appellant:** Capt David Peters, USMC.
**For Appellee:** LT James Belforti, JAGC, USN; LT Ann Dingle, JAGC, USN.

**12 February 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A panel of officer and enlisted members sitting as a special court-martial, convicted the appellant, contrary to his pleas, of two specifications of violating lawful general orders, one specification of using provoking words, one specification of abusive sexual contact, one specification of assault consummated

by a battery,[1] and one specification of disorderly conduct in violation of Articles 92, 117, 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 917, 920, 928, and 934. The members sentenced the appellant to forfeit $1,010.00 pay per month for two months, 60 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged and except for the punitive discharge ordered the sentence executed.

The appellant asserts two assignments of error. First, he claims that that trial counsel "improperly vouched for the complaining witness against [the appellant] with respect to the wrongful sexual contact charge."[2]  Second, the appellant claims that his conviction for abusive sexual contact is legally and factually insufficient.  We disagree.

Additionally, although not raised as error, we address whether a number of ambiguities and omissions in the record of trial rises to the level of jurisdictional error and order the supplemental court-martial order to correct a scrivener's error in the court-martial order dated 7 March 2014.

After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

After a night of drinking and dancing, Lance Corporal (LCpl) L invited the appellant and several other Marines back to her barracks room.  When they arrived, LCpl L's roommate, LCpl MR, was already asleep and she awoke only briefly when the group entered her room.  LCpl MR then went back to sleep while the group watched a movie in the room.  At some point, LCpl L asked everyone to leave so she could go to sleep.

The appellant left but later returned to the room and climbed into LCpl MR's bed where she awoke to the appellant

---

[1] After findings were announced, the military judge granted trial defense counsel's motion to dismiss the appellant's conviction for assault consummated by a battery under Article 128, UCMJ, as multiplicious with his conviction for abusive sexual contact under Article 120, UCMJ.

[2] Appellant's Brief of 2 Jul 2014 at 1.

"grinding"[3] on her.  LCpl MR testified that she ordered the appellant to leave, but he fell back down on her bed.  However, according to LCpl MR, a few minutes later the appellant got up and left the room.  LCpl MR reported the incident the next day.

At trial, Government witnesses gave varying accounts of how much alcohol they observed the appellant consume that night.  While being interviewed by the Naval Criminal Investigative Service, the appellant admitted to "waking up in [LCpl MR's] bed,"[4] but denied any recollection of what otherwise occurred due to being intoxicated and drowsy.  The Government also offered evidence at trial that the appellant told the barracks duty that night that he was kicked out of a room because of "something [having] to do with a female."[5]

During closing argument, trial counsel stated:

First and foremost, we have the testimony from [LCpl MR].  She was credible.  You observed her testify on the witness stand.  There's no reason to believe that what she had to say wasn't the truth.  She was forthcoming.  She answered all questions honestly and forthrightly.  What she says is corroborated.  If you think about it, everything else that she says that can be verified by another person was actually verified by another person. . . . There's no motivation to fabricate or exaggerate the facts that she has laid out for you. . . . And you have the testimony, once again, of [LCpl MR], whose credibility is not being challenged."[6]

Trial defense counsel made no objection to the Government's closing argument.  Additionally, in her opening statement and closing argument, the trial defense counsel, told the members

---

[3] At trial, LCpl MR described "grinding" as follows: "[k]ind of like, how if you're try [sic] to, like, penetrate or have that other person feel your private area against you."  Record at 149.

[4] Prosecution Exhibit 7.

[5] Record at 134-35.

[6] *Id* at 285-87.

that LCpl MR "is not lying"[7] and provided testimony that was "consistent with [the appellant's] explanation."[8]

## Improper Argument – Charge I, Specification 1 (Abusive Sexual Contact, Art. 120)

The appellant claims that trial counsel's closing argument wrongfully bolstered LCpl MR's credibility and the military judge's failure to *sua sponte* intercede constitutes plain error.

Improper argument is a matter we review *de novo*. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). Since the defense counsel failed to object to the argument at trial, we review the appellant's claim for plain error. *Id.* "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (citing *United States v. Rodriguez*, 60 M.J. 87, 88-89) (C.A.A.F. 2004)).

When determining whether trial counsel's comments were improper, the statements "must be examined in light of [their] context within the entire court-martial." *United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005) (citation omitted). Error occurs when trial counsel "interject[s] [oneself] into the proceedings by expressing a 'personal belief or opinion as to the truth or falsity of any testimony or evidence.'" *Fletcher*, 62 M.J. at 179 (quoting *United States v. Horn*, 9 M.J. 429, 430 (C.M.A. 1980)) (additional citations omitted).

The appellant submits that the trial counsel interjected himself into the proceedings when he described LCpl MR as "credible" and "truthful" in his closing statement. We disagree and find that trial counsel's comments neither improperly bolstered LCpl MR's credibility nor amounted to him personally vouching for her credibility. Moreover, the trial defense counsel did not attack LCpl MR's credibility, instead arguing that her testimony was consistent with the defense's theory that the appellant's actions were accidental due to his intoxication. When trial counsel's comments are analyzed in this context, we find that they do not constitute error, let alone plain or obvious error.

---

[7] *Id*. at 92.

[8] *Id*. at 296.

4

**Legal and Factual Sufficiency – Charge I, Specification (Abusive Sexual Contact, Art. 120)**

The appellant also claims that the evidence is legally and factually insufficient to prove abusive sexual contact because the Government did not produce evidence of the appellant's specific intent to "to abuse, degrade, or humiliate" LCpl MR.[9]

We review questions of legal and factual sufficiency *de novo.  United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  We review the legal sufficiency of the evidence by determining "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt."  *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987).  "The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt."  *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006) (citing *Turner*, 25 M.J. at 325 and Art. 66(c), UCMJ), *aff'd,* 64 M.J. 348 (C.A.A.F. 2007).  Beyond a reasonable doubt, however, does not mean that the evidence must be free from conflict.  *Id.*  The Government may prove an appellant's intent with circumstantial evidence.  *United States v. Kearn*s, 73 M.J. 177, 182 (C.A.A.F. 2014); *United States v. Vela*, 71 M.J. 283, 286 (C.A.A.F. 2012)

Here, the appellant admits to "waking up in [LCpl MR's] bed" and concedes the possibility that he had physical contact with LCpl MR.[10]  The appellant, however, denies having formed the specific intent to sexually assaulting LCpl MR, because he has no recollection of the incident and was highly intoxicated and drowsy at the time.  LCpl MR testified that she awoke to the appellant "grinding" on her in a sexual way.  Additionally, other evidence in the record corroborates that the appellant returned to LCpl MR's room and climbed in her bed that night while she was sleeping.  We find this persuasive evidence of the appellant's intent.

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the

---

[9] Appellant's Brief at 1.

[10] PE 7.

prosecution, we are convinced that a reasonable fact-finder could have found all essential elements beyond a reasonable doubt. Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt.

**Failure to Formally Enter Pleas and Forum on the Record**

Although not raised by the appellant as assigned error, we note the military judge failed to ensure that the request for enlisted members was "signed by the accused or . . . made orally on the record." RULE FOR COURTS-MARTIAL 903(b)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). While this failure represented a violation of Article 25(c)(1), UCMJ, under the circumstances of this case, there was substantial compliance with Article 25 and we see no material prejudice to the appellant's substantial rights. *See United States v. Townes*, 52 M.J. 275, 277 (C.A.A.F. 2000). Additionally, there was no error where the appellant failed to enter pleas and the trial proceeded as if the appellant had done so. R.C.M. 910(b).

**Ambiguous Court-Martial Convening Orders**

The original charges were referred to trial by special court-martial on 9 July 2014 by Special Court-Martial Convening Order 2-13 dated 24 April 2013.[11] Additional charges were also referred for trial by special court-martial on 9 July 2014 and 11 September 2014 by Special Court-Martial Convening Order 2-13 dated 24 April 2013. The appellant was arraigned on 24 September 2014 during which he was informed of his forum rights and elected to reserve motions, pleas, and forum selection. On 29 October 2014, trial defense counsel informed the Government via email that the forum for the appellant's trial would be "members with enlisted representation."[12]

On 8 November 2014, the CA issued a Special Court-Martial Convening Order stating that "Special Court-Martial Convening Order 3-13 dated 17 July 2013, is hereby modified for the case of United States versus Corporal Kenneth R. Walker, U.S. Marine Corps, as follows[.]" The CA then proceeded to (1) "Delete" six of the seven members appointed by Special Court-Martial Convening Order 2-13 dated 24 April 2013 and one officer who was not named on that document; (2) "Add[ed]" four new officers and

---

[11] This convening order named seven officer members.

[12] Appellate Exhibit XXIII.

five enlisted members; and (3) stated that the "special court-martial, as now established, is constituted as follows:" and listed the four officers and five enlisted members whom he had "Add[ed]" earlier in the document. Those members submitted questionnaires which were provided to counsel prior to the next session of the court.[13]

A new military judge next opened the court on 12 November 2014. When summarizing an R.C.M. 802 session held earlier that day, he stated:

> We discussed a problem with the convening orders in this case insofar as we seem to be missing convening order 3-13. I understand that that will be provided to the record of trial before authentication. But the modifications of 3-13 makes it clear who the convening authority has tasked to sit on this case, so we just need to make sure that that intermediate convening order is part of the record.[14]

Shortly thereafter, without the appellant having entered pleas or forum selection, the four officer and five enlisted members listed as establishing the members panel in the Special Court-Martial Convening Order issued on 8 November 2014 entered the courtroom. In response to direction from the military judge, the members affirmed that their names and ranks were correctly reflected on the convening order, were then subjected to *voir dire,* and were given preliminary instructions to include that "[a]t an earlier session of this court, Corporal Walker pleaded not guilty to the charges and specifications[.]"[15] The appellant challenged five of the members for cause based solely on their responses during *voir dire.* The panel which was seated on 12 November 2014 ultimately consisted of two officers and 3 enlisted members.

The record of trial docketed with this court included Special Court-Martial Convening Order 2-13 dated 24 April 2013, the Special Court-Martial Convening Order issued on 8 November 2014, and a court-martial order dated 15 November 2014 stating that "Special Court-Martial Convening Order 2-13 dated 24 April 2013, is hereby modified for the case of United States versus Corporal Kenneth R. Walker, U.S. Marine Corps, as follows[.]" The CA then proceeded to (1) "Delete" all seven members

---

[13] Record at 24; AE XXII.

[14] Record at 9.

[15] *Id.* at 22.

appointed by Special Court-Martial Convening Order 2-13 dated 24 April 2013; (2) "Add[ed]" the same four officers and five enlisted members that were "Add[ed] by the 8 November 2014 convening order; and (3) stated that the "special court-martial, as now established, is constituted as follows:" and listed the four officers and five enlisted members whom he had "Add[ed}" earlier in the document.

With respect to the confusion surrounding the court-martial convening orders, it is clear that despite the inattention to detail at the command level and of trial counsel, the members present when the court was assembled on 12 November 2014 and who ultimately were impaneled that same day were the members who the CA intended to hear the case. "When there is an ambiguity but no evidence that the convening authority's intent was to the contrary, 'the construction of the convening orders by the participants of [the] trial is controlling.'" *United States v. Mack*, 58 M.J. 413, 416 (C.A.A.F. 2003) (quoting *United States v. Gebhart*, 34 M.J. 189, 193 (C.M.A. 1992)). Accordingly, there was no jurisdictional error and we see no material prejudice to the appellant's substantial rights.

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed. The supplemental court-martial order will reflect that Additional Charge IV was a violation of Article 117, UCMJ.

For the Court


R.H. TROIDL
Clerk of Court

8