*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Brandon L. GRUBB**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202100156**

_____

Decided: 22 March 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Terrance J. Reese

Sentence adjudged 22 March 2021 by a special court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E--1, confinement for 8 months, forfeiture of $1,190 pay per month for 8 months, and a bad-conduct discharge

For Appellant:
*Captain Colin A. Kisor, JAGC, USN*
*Lieutenant Aiden J. Stark, JAGC, USN*

For Appellee:
*Lieutenant R. Blake Royall, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

Judge DEERWESTER delivered the opinion of the Court, in which Chief Judge MONAHAN and Senior Judge STEPHENS joined.

––––––––––––––––––––––––

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

––––––––––––––––––––––––

DEERWESTER, Judge:

Appellant was convicted, consistent with his pleas, of possession and distribution of a Schedule I controlled substance, in violation of Article 112a, Uniform Code of Military Justice [UCMJ],[1] for possessing and distributing lysergic acid diethylamide [LSD].

Appellant asserts two assignments of error [AOEs]: (1) whether the special court-martial lacked jurisdiction to try him because the special court-martial convening order was fatally defective; and (2) whether Appellant received ineffective assistance of counsel where his trial defense counsel [TDC] advised him to plead guilty based on evidence obtained from a search of Appellant's phone, but at a later general court-martial successfully brought a motion to suppress evidence obtained from that same search. We find no prejudicial error and affirm.

## I. BACKGROUND

In November 2020, the Government preferred charges that captured the Article 112a, UCMJ, conduct at issue in the instant case, as well as additional misconduct charged under Article 120b, UCMJ. In March 2021, Appellant entered into a plea agreement with the Government. In his plea agreement, Appellant agreed to severance of the misconduct charged under Article 120b, UCMJ,[2] which was referred to a subsequent general court-martial.

In accordance with his plea agreement, the drug specifications were referred to a special court-martial pursuant to Special Court-Martial Convening Order [SPCMCO] 1-20A. The referral block of the charge sheet made no mention that the SPCMCO was an amending order, nor did trial counsel announce

––––––––––––––––

[1] 10 U.S.C. § 912a.

[2] 10 U.S.C. § 920b.

any modifications or additions to the convening order when stating the jurisdictional posture of the case at the start of the guilty plea. SPCMCO 1-20A appears to be an amending order; in that there are sections titled "Delete," "Add," and "Members." Under "Delete," two names are listed. There is no reference to any convening order that these names are being "deleted" from, nor does the record contain SPCMCO 1-20 to show if those names were originally on that SPCMCO. Under the section titled "Add," nine names are listed. Confusing the issue even further, under "Members," only two names are listed, neither of which are found in the "Add" or "Delete" sections. The military judge did not inquire about SPCMCO 1-20A on the record, nor did Appellant challenge the jurisdiction of the court-martial at trial.

A search of Appellant's cell phone conducted by the Naval Criminal Investigative Service yielded evidence which formed the basis for the LSD-related specifications in the instant special court-martial. On the same day of Appellant's guilty plea and sentencing at special court-martial, the same TDC filed a motion in Appellant's general court-martial to suppress evidence obtained from the search of his cellphone. At a subsequent Article 39(a), UCMJ, hearing in the general court-marital, the Government, after noting that the drug specifications had been severed, conceded the motion. The military judge then suppressed all evidence resulting from the search of Appellant's cell phone.

## II. DISCUSSION

### A. Jurisdiction of the Special Court-Martial

#### *1. Standard of Review and the Law*

Whether a court has jurisdiction is a question of law that appellate courts review de novo.[3] When convening a court-martial with members, "[t]he convening authority shall detail not less than the number of members necessary to impanel the court-martial under [Article 29, UCMJ]."[4] Congress set the number of members to be impaneled for a special court-martial at four.[5] An administrative defect in the referral process does not necessarily deprive a court-martial of jurisdiction.[6] When a convening order creates doubt regarding

---

[3] *United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021).

[4] Article 25(e)(3), UCMJ, 10 U.S.C. § 825(e)(3) (2016).

[5] Article 29, UCMJ, 10 U.S.C. § 829 (2016).

[6] *United States v. Adams*, 66 M.J. 255, 259 (C.A.A.F. 2008) (citations omitted).

the composition of the court-martial, appellate courts look to the convening authority's intent in drafting the order.[7] "Effort must be made to effectuate the convening order's purpose and to avoid rendering it absurd. Where alternative interpretations are possible, the more reasonable should be chosen."[8]

"When there is an ambiguity but no evidence that the convening authority's intent was to the contrary, 'the construction of the convening orders by the participants of [the] trial is controlling.'"[9] Absent evidence to contrary, "the presumption of regularity requires appellate courts to presume that the convening authority carried out the duties imposed upon him by the Code and the Manual."[10]

A guilty plea does not waive the ability to challenge the jurisdiction of a court-martial on appeal.[11] A term of a plea agreement shall not be enforced if it deprives the accused of the right to challenge the jurisdiction of the court-martial.[12]

*2. The Convening Order and the Convening Authority's Intent*

Although SPCMCO 1-20A appears at first blush to be an amending order, the record is devoid of any mention of SPCMCO 1-20, and neither the trial counsel, defense counsel, nor the military judge stated that SPCMCO 1-20A was simply amending a previous convening order. Further, the referral block of the charge sheet makes no mention of a previous convening order, and the trial counsel did not announce any modifications or amendments when articulating the jurisdictional data of the case.

Thus, we must look at the convening order itself to determine if the court-martial had jurisdiction. What is clear from the convening order on its face is that the two individuals listed in the section labeled "Members" were intended to be included in the panel. What is also clear, based on the plain meaning of

---

[7] *Adams*, 66 M.J. 262 (cleaned up).

[8] *United States v. Sonnenfeld*, 41 M.J. 765, 767 (N-M. Ct. Crim. App. 1994) (quoting *United States v. Padilla*, 1 C.M.A. 603, 607, 5 C.M.R. 31, 35 (1952) (internal punctuation omitted)).

[9] *United States v. Mack*, 58 M.J. 413, 416 (C.A.A.F. 2003) (quoting *United States v. Gebhart*, 34 M.J. 189, 193 (C.M.A. 1992)).

[10] *United States v. Bess*, 80 M.J. 1, 10 (C.A.A.F. 2020) (cleaned up).

[11] *See* Rule for Court-Martial 905(e)(2); *United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021); *United States v. Oliver*, 56 M.J. 695, 699 (N.-M. Ct. Crim. App. 2001).

[12] Rule for Courts-Martial 705(c)(1)(B).

the words used in the document, is that the two names in the "Delete" section of the convening order were not intended to be in the panel. What we are left with are the nine names in the "Add" section of the convening order. If the Convening Authority intended those individuals to be included in the panel, jurisdiction in the case is established, as that provides eleven members for Appellant's special court-martial panel, where only four are required. If the Convening Authority did not intend those individuals to be included in the panel, then jurisdiction does not exist, as there would only be two members on the panel. As the convening order on its face does not make clear the intent of the Convening Authority, we look to other factors present in the case to determine his intent.

It appears clear that the Convening Authority intended to convene a special court-martial. We conclude this for a number of reasons. First, within the record there is a memorandum by the Convening Authority to the military judge noting that the charges at issue were being withdrawn from a general court-martial and re-referred to a special court-martial based on a plea agreement.

Second, all parties negotiated and signed a plea agreement in which, in exchange for Appellant's pleas of guilty, the Convening Authority would withdraw from the general court-martial all drug charges and re-refer them to a special court-martial. Appellant not only agreed to this re-referral, but also waived the three-day statutory waiting period required for special courts-martial, in addition to negotiating a sentence limitation that was less than the jurisdictional maximum of that forum. There is no doubt regarding the construction of the convening order used by the participants at trial.

Third, from the plain language of the charge sheet in this case, the Convening Authority made clear that he intended to refer the charges to a special court-martial, pursuant to a SPCMCO. There is no indication of any modifications, either in the charge sheet, the convening order, or the statements on the record by the trial counsel. As such, it appears clear on the record that the Convening Authority wished to use SPCMCO 1-20A as the convening order for this case, as opposed to using that document to amend a prior order.

Fourth, when SPCMO 1-20A uses the word "Add," a reasonable interpretation is that the Convening Authority intended to have the two individuals listed in the "Members" section joined by the nine members in the "Add" section. To find otherwise would be counter to the plain language of the convening order. Although the "Delete" section of SPCMCO 1-20A is superfluous under this interpretation, it appears the inclusion of that section of the document was simply an administrative error by the Convening Authority and his staff.

Finally, despite SPCMO 1-20A's unartful drafting, Appellant suffered no prejudice from it. Appellant negotiated and received the significant benefit of

a much lighter sentence than he likely would have received at a general court-martial for the same offenses, and was on notice throughout the proceeding that he was at a special court-martial. He elected sentencing by a military judge and waived his right to a trial by members. Although a lack of objection at trial on jurisdictional matters is not a bar to later litigation of the issue, Appellant did not object at all during the special-court martial.

Accordingly, while we find that SPCMCO 1-20A is ambiguous on its face and exhibits a concerning lack of attention to detail, we conclude the error is administrative rather than jurisdictional and requires no further action by this Court.

## B. Ineffective Assistance of Counsel

### 1. Standard of Review and the Law

We review claims of ineffective assistance of counsel de novo. In *Strickland v. Washington*, the Supreme Court laid out the test that guides our analysis.[13] In order to prevail on such a claim, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."[14] An appellant bears the "burden of establishing the truth of factual matters relevant to the claim . . . ."[15] Only after an appellant has demonstrated both deficiency and prejudice can we find in an appellant's favor on an ineffective assistance of counsel claim.[16] "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."[17] Strategic decisions to accept or forgo a potential benefit are not deficient when the decisions are objectively reasonable.[18] "When a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion to suppress evidence, an appellant must show that there is a reasonable probability that such a motion would have been meritorious."[19]

---

[13] *Strickland v. Washington,* 466 U.S. 668 (1984).

[14] *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687).

[15] *Denedo v. United States*, 66 M.J. 114, 128 (C.A.A.F. 2008), *aff'd*, 556 U.S. 904, (2009).

[16] *United States v. Cooper*, 80 M.J. 664, 672 (N-M. Ct. Crim. App. 2020) *aff'd* ___ M.J. ___, Nos. 21-0149 & 21-0150, 2021 CAAF LEXIS 1063 (C.A.A.F. Dec. 13, 2021).

[17] *Strickland v. Washington*, 466 U.S. at 697.

[18] *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012).

[19] *United States v. Jameson*, 65 M.J. 160, 163–64 (C.A.A.F. 2007) (cleaned up).

### 2. *Appellant Fails to Establish that TDC Did Not Make a Tactical Decision*

Appellant argues that his TDC were deficient for allowing him to plead guilty at a special court-martial in the face of incriminating information obtained from his phone, when in a separate general court-martial a motion to suppress that information brought by the same TDC was conceded by the Government. The procedural history of Appellant's two courts-martial is relevant to analysis of this issue.

As discussed above, Appellant faced charges of child sexual abuse and drug offenses at a general court-martial. Prior to trial, Appellant agreed to plead guilty to the drug charges in exchange for the Government agreeing to sever those offenses from the sexual abuse charges, and refer the former to a special court-martial. As part of the plea agreement, Appellant further received a cap on confinement well below the jurisdictional maximum at special court-martial, and he avoided a felony-level drug conviction. On the same day that Appellant pleaded guilty at special court-martial, his TDC filed a motion at his general court-martial to suppress evidence contained in his cell phone based on an illegal search. At a later motions hearing, the Government conceded that motion, presumably because such evidence was not relevant to the charges at general court-martial. Based on that concession, Appellant now argues that the suppression motion had merit, and that his TDC were ineffective in allowing him to plead guilty to specifications at his special court-martial that were based on information that the Government conceded should be suppressed at his general court-martial.

Appellant fails in this argument because it was an objectively reasonable tactical decision to negotiate a plea agreement in which he avoided a felony-level conviction, significantly limited his punitive exposure, and severed additional serious misconduct charges from a much more serious child sexual abuse trial. These benefits are not outweighed by the later concession by the Government on the suppression motion at the general court-martial, as the record is sufficiently clear that the concession was made due to the fact that the evidence found on the cell phone related only to the drug specifications that were no longer before that court. Had Appellant contested the drug specifications, and filed a motion to suppress while they were still referred to general court-martial, the Government would have had no incentive to concede the motion, would have likely contested the motion, and may well have prevailed. As such, the Government's concession of the motion at the later general court-martial does not necessarily mean that it agreed that the evidence yielded by the search of Appellant's phone was inadmissible at a court-martial for related offenses.

Thus, we are not convinced that Appellant's motion, had it been filed, had a "reasonable probability" of being "meritorious."[20]

Nor was the evidence at issue in the suppression motion the only evidence incriminating Appellant in the drug offenses. Hence, even if Appellant had won the suppression motion, it likely would not have led to the dismissal of the LSD-related charges, for which he would have still have faced trial, potential conviction, at general court-martial.

Under these facts and circumstances, we find that TDC were not deficient with regard to the course of action they took in this case. We find that their decision was objectively reasonable to negotiate a deal in which drug offenses were severed from a child sexual abuse offenses at a felony-level court and referred to a misdemeanor-level court, in which the maximum punishment negotiated in the plea agreement was well below the jurisdictional maximum of the forum.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[21]

The findings and sentence are **AFFIRMED**.

Chief Judge MONAHAN and Senior Judge STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[20] *Id.*

[21] Articles 59 & 66, UCMJ.